## LOUIS *v.* BROWN TOWNSHIP.

IN ERROR TO THE CIRCUIT COURT OF THE UNITED STATES FOR THE NORTHERN DISTRICT OF OHIO.

Submitted October 11th, 1883.—Decided November 5th, 1883.

*Estoppel—Judgment—Mandamus—Municipal Bonds.*

Defendants in error issued to A., their bonds with interest coupons attached. A. endorsed to B, and B endorsed to the plaintiff after the bonds were overdue. While the bonds were in B's possession, overdue, B was party defendant in a suit in chancery in a State court in which D, an owner of real estate alleged to be encumbered by a mortgage to secure payment of the bonds, sought to have them declared invalid ; and party plaintiff to a cross-bill in that suit in which it was sought to have the same bonds declared valid, and the mortgage foreclosed. In these proceedings the bonds were adjudged to be invalid for want of authority in the trustees to issue them. During the same period B, as holder of the bonds, applied to the State court for a writ of mandamus to compel the trustees of the township to levy a tax for payment of interest on the bonds. In this suit

it was decided that the bonds were issued without legal authority. On these facts: *Held,*

1. That the general rule that a purchaser of overdue bonds, after judgment rendered that the bonds are void, is bound by that judgment, applies here.

2. That when a mandamus is refused on grounds that are conclusive against the right of the plaintiff to recover in any action whatever, the judgment is conclusive of that fact.

3. When a proceeding in mandamus is used as an action at law to recover money, it is subject to the principles which govern money actions.

4. The judgment of the State court that the bonds were void in the hands of B, is conclusive of that fact in the hands of his vendee and privy in action.

5. If the parties have had a hearing and an opportunity of asserting their rights, they are concluded by final decree so far as it affects rights presented to the court and passed upon, even though all were defendants in the suit, and as between them no issue was raised and no adverse proceedings had.

The facts are fully stated in the opinion of the court.

*Mr. Hoadly, Mr. Johnson* and *Mr. Colston* for the plaintiff in error.

*Mr. J. P. Jones* and *Mr. C. H. Scribner* for the defendants in error.

Mr. JUSTICE MILLER delivered the opinion of the court.

This is an action on bonds and interest coupons thereto attached, signed by the trustees of Brown township, payable to the Springfield, Mt. Vernon and Pittsburgh Railroad Company, or its assigns, on the first day of October, 1871, and dated April 20th, 1853.

The plaintiff says she is the owner and holder of the bonds and coupons, and in explanation of her title alleges that "after execution and delivery of said note to said railroad company as aforesaid, and in the year 1854, the said railroad company did indorse and deliver said note and the coupons thereto attached to Brown, Collins and Brown, and that said Brown, Collins and Brown afterwards indorsed and delivered said note and coupons to Richard B. Hopple, and Richard B. Hopple afterwards indorsed and delivered said note and coupons to the plaintiff, who now holds and owns the same."

The defendants for answer, among other matters, filed two pleas of a former adjudication, in which the bonds were declared to be void, and rely upon these in bar of the action.

The first of these pleas, called defence No. 3, sets out a suit by one Hiram Hipple, plaintiff, against the trustees of Brown township, Robert B. Hopple and others, in which he alleges himself to be the owner of real estate encumbered by a mortgage to secure the payment of the bonds on which the present suit is brought, and that said defendants, among whom was the Richard B. Hopple from whom plaintiff in this suit purchased the bonds aforesaid, asserted a claim to his land on account of said mortgage. The plea further alleges that the holders of the bonds, among whom was Richard B. Hopple, filed their answer and cross-bill alleging the bonds and mortgage to be valid, and pray that the bonds and mortgage might be declared to be valid, and for a decree of foreclosure of the mortgage, and that in said cross-bill said Richard B. Hopple set up as the foundation of his prayer for relief, his ownership of the identical bonds now set forth in this action. In the suit on the mortgage, which was finally appealed to the Supreme Court of the State, Hopple and the other bondholders failed, and were adjudged to pay costs, on the ground of the want of authority in the trustees of Brown township to issue the bonds. To this suit the trustees of Brown township and Richard B. Hopple and other bondholders were parties.

The second plea sets forth an application by Richard B. Hopple, in his right as owner of these bonds, for a writ of mandamus from the Supreme Court of Ohio, to compel the trustees of Brown township to levy a tax to pay the interest on said coupons. To the alternative writ the trustees answered, denying the validity of the bonds, and the court decided that the supposed bonds and coupons were issued without any legal authority, and without any authority to take stock in the railroad company to which they were delivered, and gave judgment for costs against said Hopple.

The plea also avers that said bonds were not transferred to Annie Louis, plaintiff, until long after said bonds and coupons were due.

To these pleas demurrers were filed, and the demurrers over-ruled, and plaintiff not desiring to reply or plead further, judgment was rendered for defendant.

The error assigned by plaintiff is the overruling of these demurrers.

We think the court was right, upon the plainest principles of jurisprudence.

The case is unembarrassed by the doctrine of bona-fide purchaser of negotiable securities, because the bonds were overdue in the hands of Richard B. Hopple when the suit of Hipple against him and others to have them declared void was commenced. The bonds fell due October 1st, 1871, the suit was commenced October 18th of that year, and the cross-bill, in which Hopple sought to enforce the bonds, was commenced April 2d, 1872. The bonds were, therefore, past due during the whole period of that litigation in which they were adjudged to be void in his hands.

As regards the action of mandamus while the bonds were not overdue, at the time of the judgment against Mr. Hopple, the plea expressly avers that they were overdue when the plaintiff Louis became their owner, and as she alleges in her declaration that she bought them of Hopple, it follows that they remained in his hands from the date of the judgment on mandamus against him until they became past due. This follows also from the fact that he asserted ownership of them after they were due, in the cross-bill to Hipple's suit.

The plaintiff, therefore, holding under Hopple by a purchase made after the bonds were due, and after the judgment in which they were decided to be void in his hands, is bound by that judgment, unless something can be shown which takes the case out of the general rule.

In the mandamus case, the plaintiff was the owner of the bonds, and the present plaintiff is bound by the privity of a subsequent holder of them. The defendants in that case are the defendants in this, so that the action is now between parties on whom that judgment is binding.

The only objection made to this is that while the statute of Ohio makes a judgment on mandamus a bar to another civil

action where the writ is granted, it does not so declare where it is refused. The words of the statute are not presented to us, nor any decision of the courts of that State cited to sustain the proposition.

It is easy to see why the statute should declare that where a party has had recovery of what he claims by a writ of mandamus, the other party should not also be harassed by another action for the same demand. But it would not follow that where a mandamus was refused on grounds which were conclusive against the right of plaintiff to recover in any action whatever, that the judgment would not be a protection when such other action was brought. Such was the case before us. The ground of the court's judgment in denying the mandamus was not left to inference, however strong that inference might be from the pleadings, as in the case of *Block* v. *The Commissioners*, 99 U. S. 686, but the court declared, in the case we are now considering, in positive terms, that: "The said supposed bonds or undertaking and coupons in the writ mentioned, were issued by the defendants without any legal power or authority, . . . and without any legal power or authority to make said supposed subscription to the capital stock of the railroad company, and that said supposed subscriptions, and said supposed bonds and coupons, are for said reason absolutely void," and that defendants are not estopped to set up the invalidity of said instruments.

Here is not only a denial of the writ of mandamus, but an adjudication that in the hands of Hopple the bonds in suit were absolutely void.

This court has repeatedly held since *Postmaster General Kendall's Case*, 12 Pet. 524, 614, that the proceeding in mandamus is, when appropriate, an action at law to recover money, and is subject to the principles which govern said actions, and in the case of *Block* v. *Commissioners*, 99 U. S. 686, the denial of the writ is held to be conclusive in a subsequent action as to the invalidity of the bonds, though the fact that the decision in mandamus was based on that ground is inferred from the pleadings, and not from the express language of the judgment, as in the present case.

We are of opinion that the judgment of the Supreme Court of Ohio established the fact that the bonds and coupons were void in the hands of Hopple, and the judgment is conclusive of that fact against his vendee and privy in this action.

The same result must follow in the case of *Hipple* v. *The Board of Trustees and Richard B. Hopple and others.* It is argued, in avoidance of this conclusion, that the board of trustees and Hopple being both defendants to Hipple's bill, no adversary contention on the question of the validity of the bonds could have taken place between them.

But this view of the case ignores entirely the facts that Hopple, in filing his cross-bill seeking to establish the bonds as valid, became plaintiff, and made the trustees defendants, and in this manner raised the issue of their validity between himself and the trustees directly, and it was in express terms decided against him. His assignee of those bonds, in the present action against the same trustees, is clearly bound by that decision.

But if there had been no cross-bill, the fact that both Hopple and the trustees were placed as defendants in the suit of Hipple, does not impair the conclusive character of the decree in that case as between those parties. The present case is precisely analogous to that of *Corcoran* v. *The Chesapeake and Ohio Canal Co.*, 94 U. S. 741, and we cannot better express our views of this case than by a quotation from the opinion in that:

"It is said that Corcoran and his co-trustees, the canal company and the State of Maryland, *were all defendants to that suit, and that as between them no issue was raised by the pleadings on this question, and no adversary proceedings were had.* The answer is, that in chancery suits, where parties are often made defendants because they will not join as plaintiffs, who are yet necessary parties, it has long been settled that adverse interests as between co-defendants may be passed upon and decided, *and if the parties have had a hearing and an opportunity of asserting their rights, they are concluded by the decree as far as it affects rights presented to the court and passed upon by its decree.* It is to be observed, also, that the very object of that suit was to determine the order of the distribution of the net revenue of the canal company, and

that the Corcoran trustees were made defendants for no other purpose than that they might be bound by that decree. And, lastly, as the decree did undoubtedly dispose of that question, its conclusiveness cannot now be assailed collaterally, on a question of pleading, when it is clear that the issue was fairly made and was argued by Corcoran's counsel, as is shown by the third head of their brief, made a part of this record by stipulation." And in conclusion the court say: "It seems to us very clear that the question we are now called on to decide has been already decided by a court of competent jurisdiction which had before it the parties to the present suit ; that it was decided on an issue properly raised, to which issue both complainant and defendant here were parties, and in which the appellant here was actually heard by his own counsel; and that it, therefore, falls within the salutary rule of law which makes such a decision final and conclusive between the parties, and that none of the exceptions to that rule exist in this case."

We are of opinion that both demurrers were properly overruled, and

*Affirm the judgment of the circuit court.*

MR. JUSTICE MATTHEWS did not sit in this case.