## A. J. CARNES v. C. W. CARNES.

Decided October 19, 1901.

**1.—Judgment by Estoppel—Pre-emption Claims—Assignee After Judgment—Patent.**

While plaintiff and one W. each claimed the land in controversy by virtue of adverse pre-emption files thereon, the land being unpatented, W. brought suit in the district court for the land against plaintiff and a tenant of his in possession, and judgment was rendered in that action against W. Afterwards the tenant purchased W.'s pre-emption claim, and as his assignee secured the issuance of patent to himself, and plaintiff brought this action against him for the land. Held, that defendant was estopped by the judgment in such former action, and that the patent issued to him inured to plaintiff's benefit.

**2.—Same—Trespass to Try Title—Equitable Title—Possessory Action.**

Since the statute makes an equitable title sufficient to sustain the action of trespass to try title, W.'s action against plaintiff, wherein the petition alleged possession and ouster, and that plaintiff "claims the land under and by reason of the following"—setting out his pre-emption claim, and praying that he "be restored to the possession of said land and confirmed in his pre-emption right,"—was an action of title, and not one for possession merely, and the fact that plaintiff's petition was not indorsed, "This action is brought as well to try title as for damages," as required by the statute in actions of trespass to try title, did not change the case.

**3.—Same—Codefendant in Judgment.**

Since defendant herein claims under W., against whose title judgment was rendered in the former action, and is chargeable with notice of such judgment, he can not avoid the effect of estoppel by that judgment on the ground that he was a codefendant with plaintiff in such former action.

Appeal from Comanche. Tried below before Hon. N. R. Lindsey.

*J. H. McMillan,* for appellant.

*G. H. Goodson,* for appellee.

HUNTER, ASSOCIATE JUSTICE.—This was an action of trespass to try title brought by C. W. Carnes against A. J. Carnes in the District Court of Comanche County, on September 27, 1900, to recover title and possession of 148 acres of land lying in said county, wherein the plaintiff set forth both his title and that under which the defendant claimed substantially as follows:

That in the year 1871 J. K. Simmons settled upon the land and preempted it for a homestead, making the affidavit required by law, and causing the same to be surveyed and field notes duly returned to the General Land Office; that plaintiff on the 5th day of June, 1895, held the title and claim of Simmons under mesne conveyances, and was in possession thereof by his tenants, one of whom was the said A. J. Carnes; that prior to said last named date, to wit, on the 31st day of December, 1894, B. F. Walker, claiming to have settled upon said land, made the proper affidavit and caused it to be surveyed and the field notes duly returned to the Land Office, and in all respects com-

plying with the law claimed to have pre-empted the same for a home-
stead, and upon the said 5th day of June, 1895, the said Walker brought
suit in the District Court of Comanche County to recover the title and
possession of said land from C. W. Carnes and his said tenant, A. J.
Carnes, then in part possession, relying wholly and exclusively on his title
and claim to same as a homestead pre-emption, and setting up the same in
his petition; that said suit was numbered 1307 on the docket of said
court; that the said C. W. Carnes in his answer set up his title under
Simmons, and each proved his title on the trial of that cause as alleged,
when, on the 6th day of September, 1895, the cause was tried by the
court, and judgment rendered that said Walker take nothing by his said
suit, and that said C. W. Carnes and his tenants aforesaid go hence
without day, and recover all their costs from the said Walker; that
afterwards, in 1897, Walker sold and conveyed his pre-emption claim
aforesaid to the said A. J. Carnes, and upon the filing of the deed in
the Land Office, the Commissioner patented said land to the said A. J.
Carnes as assignee of the said B. F. Walker, said patent issuing by
virtue alone of the said pre-emption claim of the said Walker, and that
all this the said A. J. Carnes well knew; that the judgment in said cause
was never appealed from, but remained and is in full force and effect,
and that the respective titles and claims of B. F. Walker under the
homestead pre-emption claim aforesaid, and of the plaintiff, C. W.
Carnes, were adjudicated and determined in that suit and by that judg-
ment, and decided in favor of the plaintiff herein, C. W. Carnes, and
that judgment against Walker, the vendor of A. J. Carnes, is pleaded
and relied on by plaintiff as title by estoppel against the said A. J.
Carnes.

The defendant pleaded the general denial and not guilty, and spe-
cially that the right of possession only was adjudicated in the cause and
judgment referred to, and not the title to the land, that being in the
State.

The evidence and admissions of defendant's counsel as disclosed by
the record established without dispute the material allegations in the
plaintiff's petition. Upon the trial the learned district judge in-
structed a verdict for the plaintiff, C. W. Carnes, and from that judg-
ment in favor of the plaintiff rendered thereon this appeal was taken.

The first and second assignments of error raise the point in different
ways that the judgment pleaded and put in evidence by plaintiff of a
former adjudication of the title to the land is not res adjudicata in
this case, because when that judgment was rendered the title to the land
was in the State of Texas, and the State was not a party to that suit,
and therefore only the right of possession to the land as between Wal-
ker and C. W. Carnes was adjudicated, and not the title of either party
thereto, and that A. J. Carnes, having obtained a patent from the
State since the date of said judgment, he would not be estopped thereby,
although the patent was issued to him as assignee of Walker, and by

virtue alone of the pre-emption claim of said Walker set out as aforesaid.

: In that suit the plaintiff, Walker, alleged in his petition that on the 28th day of May, 1895, he was in possession of and residing upon the land in controversy, and on said date he was forcibly and violently ejected from same by C. W. Carnes and the constable of precinct No. 5, Comanche County, and that said Carnes still holds wrongful possession thereof, and that A. J. Carnes and two others are in possession of a portion of said land as tenants of C. W. Carnes. "Plaintiff further says that he claims the land hereinbefore described under and by reason of the following:" Then follows his homestead pre-emption claim as hereinbefore stated. The prayer is, "The premises considered, the plaintiff prays judgment that he be restored to the possession of said land, and confirmed in his pre-emption right," and judgment for his damages. The petition was not indorsed as required by Revised Statutes, article 5251, "that the action is brought as well to try the title as for damages." The defendant pleaded general denial, and a plea of not guilty and improvements made in good faith. The evidence offered on the trial was the homestead pre-emption proceedings hereinbefore stated.

Our statute provides that: "All certificates for headright, land scrip, bounty warrant, or any other evidence of right to land recognized by the laws of this State, which have been located and surveyed, shall be deemed and held as sufficient title to authorize the maintenance of the action of trespass to try title." Rev. Stats., art. 5259.

Walker, in that suit, it will be seen, asserted title in himself by reason of his settlement, location, and survey of the land, and return of the field notes to the General Land Office as required by the statute, and his suit was therefore an action of trespass to try title, and not only the right of possession, but the title or right to the land itself, as between him and C. W. Carnes, was involved and was adjudicated.

The agreed statement of facts contains this admission: "It is admitted that * * * B. F. Walker executed to A. J. Carnes, defendant herein, a deed conveying to him the land in controversy; that said deed was executed after the rendition of the judgment in cause No. 1307; that A. J. Carnes caused said deed to be filed in the General Land Office; and that the patent under which he now claims title issued to him by reason of the above original application, file, and field notes made by said B. F. Walker, and Walker's said deed to him," which was Walker's pre-emption claim, before referred to and set out.

We conclude that Walker was estopped by the judgment in No. 1307, and that, as between C. W. Carnes and him, the title or right to own and possess the land was adjudicated in favor of Carnes, and whatever evidence of title was issued by the State to Walker, or those holding under his homestead pre-emption claim, would be held in trust for C. W. Carnes, and would inure to his benefit.

There is, we think, nothing in the contention of appellant that A. J. Carnes would not be estopped by the judgment against Walker, because

he was a codefendant with C. W.. Carnes in that suit. It is undisputed that he holds under Walker, and that his title or patent was based on Walker's pre-emption claim, and that, being a party to that suit, he had notice of the result thereof, and his right, therefore, can rise no higher than Walker's.

Finding no error in the judgment, it is affirmed.

*Affirmed.*