## D. B. Sachse et al. v. Matilda Loeb et al.

Decided March 16, 1907.

**1.—Breach of Warranty—Suit—Notice to Warrantor.**

In order to bind and conclude a warrantor of the title to land by a judgment evicting his vendee, it is not necessary that he be a party to the suit involving the title nor that he be formally vouched in. It is sufficient if he be distinctly and unequivocally requested to defend the title. Evidence of such request considered, and held sufficient to bind the warrantor.

**2.—Testimony by Heir—Statute Construed.**

In a suit by a vendee against the heirs of his warrantor upon breach of warranty of title to land, it was not error to exclude the testimony of one of the defendants to the effect that the consideration recited in the deed was not the true consideration.

Appeal from the District Court of Dallas County. Tried below before Hon. Richard Morgan.

*P. B. Miller, Turney & Lewis* and *Robertson & Robertson,* for appellants.—In order for the plaintiffs in this case to recover on the breach of warranty they must show that they were evicted under paramount title, since in the suit by them against John R. West, the ancestor of these appellants, was not a party thereto nor was he requested to defend the said suit in any manner that would make the result of that suit conclusive upon him. Clark v. Mumford, 62 Texas, 531; Buchanan v. Kauffman & Runge, 65 Texas, 235; Rawle on Covenants for Title, secs. 119 et seq.; Rev. Stats. 1895, arts. 4640 and 2378; Watkins v. Edwards, 23 Texas, 447; Ayres v. Duprey, 27 Texas, 605; Grace v. Wade, 45 Texas, 527; Wright v. Lassiter, 71 Texas, 640; Blum Land Company v. Harbin, 33 S. W. Rep., 153; Rogers v. Pettus, 80 Texas, 428.

The inhibition contemplated in the statute does not cover or apply to the case of an heir of a deceased person when such heir offers to testify to an independent fact. The matter of evidence which the witness D. B. Sachse would have given, as shown by the bill of exception, if admitted would have been of vital consequence. If such evidence was improperly excluded, then for this reason the case should be reversed. Rev. Stats., 1895, art. 2302; Potter v. Wheat, 53 Texas, 401; Choate v. Huff, 4 Texas App. Civil Cases, sec. 281.

*John L. Young,* for appellees.—The undisputed testimony shows that during the pendency of the suit in the District Court of Dallas County, Texas, wherein Matilda Loed et al. were plaintiffs and Jno. R. West, defendant, wherein the land in controversy was finally adjudged to West, that Wm. Sachse, plaintiff's warrantor, was seasonably notified of the pendency of said suit and requested to come in and protect his covenant of warranty, and having failed to do so, said judgment became and is conclusive evidence of eviction under a paramount title, and the introduction of such judgment, with proof of such notice and request was sufficient ground to justify a verdict for plaintiffs. Stevens v. Masterson's Heirs, 39 S. W. Rep., 294; Clark v. Mumford, 62 Texas,

531; Buchanan v. Kauffman & Runge, 65 Texas, 235; Johns v. Hardin, 81 Texas, 39.

TALBOT, ASSOCIATE JUSTICE.—This suit was instituted by appellees against the appellants to recover damages alleged to have been sustained on account of a breach of warranty in the sale of 160 acres of land. Appellees recovered a judgment for the amount sued for and appellants have appealed. The appellants are the surviving heirs of William Sachse who died in December, 1899. On April 11, 1876, the said William Sachse executed and delivered to appellee Matilda Loeb, who is joined in this suit by her husband, Henry Loeb, a general warranty deed to the said 160 acres of land, which is particularly described in the petition. The consideration recited in the deed is $1,300. This deed was filed for record in Dallas County, Texas, February 21, 1887, and duly recorded. John R. West, claiming to be the owner of said 160 acres of land, took actual possession of it, and in August, 1895, Mrs. Matilda Loeb, joined by her husband, instituted a suit against the said West in trespass to try title for its recovery. William Sachse was not a party to this suit. From a judgment rendered therein in the District Court in favor of Mrs. Loeb, West appealed and on October 12, 1897, this court reversed said judgment and rendered final judgment in favor of West for the land. (West v. Loeb, 16 Texas Civ. App., 399, 42 S. W. Rep., 612.)

Appellants' first and second assignments of error are presented together in their brief and complain of the court's refusal to give a requested charge directing a verdict in their favor. There is but one proposition propounded under these assignments, which is as follows: "In order for the plaintiff in this case to recover on the breach of warranty, they must show that they were evicted under paramount title, since in the suit by them against John R. West, the ancestor of these appellants was not a party thereto, nor was he requested to defend the suit in any manner that would make the result of that suit conclusive upon him."

It is well settled law that in a suit against the warrantor on his covenant in a deed the record of a suit, between his vendee and a third party involving the title to the land conveyed to which the warrantor was not a party and of which he was not notified and requested to defend, is not admissible as evidence to prove, and does not establish that the recovery therein was under a paramount title. In such case the record is only admissible to show eviction and the assertion of an adverse title. There is no question about William Sachse, appellants' ancestor, having notice of the pendency of the suit of Mrs. Loeb and her husband against John R. West to quiet their title to the land sold them by him. The question is, was there such a request made of said Sachse to appear in that suit and defend the title of appellees as to conclude him, and therefore appellants, by the judgment rendered therein? The evidence bearing upon this question is that of Dudley G. Wooten and John M. McCoy, were attorneys for appellees in their said suit against West. Wooten testified, among other things, as follows: "Soon after suit was brought (referring to the suit of appellees against West), I found out the character of defense that West was making and it seemed that the case

might be lost and I wrote him (William Sachse) to come into town, that I wanted to see him about the case, and when he came I told him that the suit was pending and explained to him the character of the suit and stated to him that if Loeb should lose the suit, that he (Sachse) would be liable on his warranty for the purchase price that Loeb paid him originally. I wanted him to come into the suit voluntarily—because I did not care to vouch him in for fear of complicating matters in the suit. I explained to him that if he would come in then right away that it would save costs and interest which he might have to pay later in an independent suit. He replied that, that was all right and that whenever Loeb lost the land, if he did, why he (Sachse) was ready and willing to make good the warranty. My recollection is that he was in my office again once or twice afterwards; at any rate, he fully understood the nature of the case and he understood that I wanted him to defend and protect Loeb's rights under the warranty. I told him that I wanted him to come in and intervene in the suit and defend Loeb's title in case West should win the case." John M. McCoy testified: "I saw him (Sachse) about the time of the beginning of the suit; we sent for him to come to our office. . . . We told him that we would like for him to come in and make himself a party and intervene in the suit, otherwise we would have to make him a party, because he was the warrantor in the deed, and we had some conversation about that, trying to prevail upon him to come in voluntarily, I think, or else we would have to bring him by citation, and he said to us that he didn't want to be brought into the suit, that he preferred to be left out, that Mr. Loeb knew he was solvent and was able to stand to his warranty, etc." We are of the opinion that this testimony was sufficient to show a distinct and unequivocal request on the part of appellants, through their attorneys, to their warrantor, William Sachse, to defend their title to the land involved in the suit against West, and requires the question stated to be answered in the affirmative.

But if we should be mistaken in this conclusion, still we think the special charge should not have been given for another reason. Appellees did not rely alone upon the judgment recovered against them by West for the land as proof of a paramount title in him to which they were compelled to yield, but established such title by evidence aliunde, upon the trial of this case. The record discloses that the respective chains of title introduced by the parties in the case of West v. Loeb, et al., supra, were introduced upon the trial of this case. Nor does the evidence upon the whole, in that case, with respect to the titles set up, materially differ from the evidence in relation thereto found in the record here. It was held in the West-Loeb case by this court that this evidence showed a superior title to the land in West and we rendered judgment in his favor therefor, and we see no reason to doubt the correctness of the conclusion then reached and adhere thereto.

There was no error in refusing to permit the witness Boone Sachse to testify that the actual amount paid by appellees to William Sachse for the 160 acres of land described in his deed to them was not $1,300, as recited in the said deed, but was the sum of only $170. The witness was a son and heir of William Sachse, deceased, and a party to this suit. The testimony sought to be elicited from him related to a transaction

which his father, the said Sachse, in his lifetime, had with appellees and was properly excluded. It clearly falls within the inhibition of article 2302 of the Revised Statutes of 1895, which provides that in such suits "neither party shall be allowed to testify against the other as to any transaction with, or statement by, the testator, intestate, or ward, unless called to testify thereto by the opposite party." That the witness proposed to testify from his own knowledge and not from any statement made to him by his father does not alter the case. The statute in such cases prohibits either party from testifying "as to any transaction with" as well as to any "statement by" the testator or intestate.

Finding no reversible error in the record the judgment is affirmed.

*Affirmed.*

Writ of error refused.