## MISSOURI, K. & T. RY. CO. OF TEXAS v. JACKSON.

(Court of Civil Appeals of Texas. Austin. April 30, 1913. Rehearing Denied May 28, 1913.)

Appeal from District Court, McLennan County; J. N. Gallagher, Special Judge.

Action by Mrs. P. C. Jackson against the Missouri, Kansas & Texas Railway Company of Texas. Judgment for plaintiff, and defendant appeals. Affirmed.

Alex S. Coke, of Dallas, and Spell & Sanford, of Waco, for appellant. Baker, Neff & Taylor and W. L. Eason, all of Waco, for appellee.

JENKINS, J. ·This is a companion case to M., K. & T. Ry. Co. of Texas v. Mrs. Marian Humphries, the daughter of appellee, in which this court handed down an opinion at its last sitting. 157 S. W. 1174. For the reasons set forth in said opinion, the judgment of the trial court in this case is affirmed.

Affirmed.

---

## CHAMBERS·v. GRISHAM et ux.

(Court of Civil Appeals of Texas. El Paso. May 29, 1913. Rehearing Denied June 26, 1913.)

EXCHANGE OF PROPERTY (§ 5*)—RESCISSION—RESTORATION OF STATUS QUO.

In an action to rescind a contract for the exchange of property on the ground of fraud, where it appears that the plaintiff had permitted the foreclosure of the lien for notes, which he agreed to pay, against part of the land received by him, and cannot restore the status quo, it was proper for the court to give a peremptory instruction for the defendant.

[Ed. Note.—For other cases, see Exchange of Property, Cent. Dig. §§ 5, 6, 8–10; Dec. Dig. § 5.*]

Error from District Court, Martin County; James L. Shepherd, Judge.

Action by J. C. Chambers against M. A. Grisham and wife. Judgment for the defendants, and plaintiff brings error. Affirmed.

See, also, 155 S. W. 959.

Theodore Mack, of Ft. Worth, A. L. Green, of Stanton, A. H. Kirby, of Abilene, and Jno. B. Howard, of Midland, for plaintiff in error. R. N. Grisham, of Sweetwater, and Stephens & Miller, of Ft. Worth, for defendants in error.

HIGGINS, J. Chambers was the owner of eight sections of state free school land situate in El Paso county and conveyed same to Josephine R. Grisham, wife of M. A. Grisham, in consideration of certain premises situate in Martin and Howard counties being conveyed to him by said M. A. Grisham. The deed from Chambers to Mrs. Grisham was filed in the General Land Office, together with substitute obligations of herself and husband covering the purchase money due the state, and she was substituted as the purchaser from the state. She and her husband completed the three years' occupancy of the school land, as required by law, and made valuable improvements thereon. Thereafter Chambers filed suit for rescission, alleging as a ground therefor false and fraudulent representations made by M. A. Grisham respecting the property which he had conveyed to Chambers, and this issue of fraud was clearly raised by the evidence, but upon trial a peremptory instruction was given in favor of defendants in error, in accordance with which verdict was returned and judgment rendered. The west 160 acres of section 30 in Howard county was one of the tracts so conveyed to Chambers, and in the exchange of the lands Chambers assumed and agreed to pay certain notes which constituted liens thereon; the deed of conveyance so stipulating. Chambers failed to pay these notes, and the lien securing same was foreclosed and the premises conveyed to one Brooks prior to the institution of this suit.

It is the general rule that, when a contract is sought to be rescinded by one of the parties thereto, he must place the other in statu quo. Chambers by suffering the foreclosure and sale above indicated could not return to Grisham the 160 acres out of section 30, and this would preclude him from obtaining a rescission of the exchange of lands which he had made. None of the exceptions to the general rule above indicated apply here, and if Chambers desired to avail himself of his right of rescission it was his duty to protect the title to the premises which he had received so that he could return the same to Grisham. Through his own fault, it was impossible to restore the status quo, and the court properly instructed against him.

Various other reasons are urged in support of the action of the trial court, but they will not be discussed, since we deem the views indicated above to be decisive of the question.

Affirmed.