**GARRETT et al. v. BUTLER. (No. 1599.)**

(Court of Civil Appeals of Texas. El Paso. March 20, 1924. Rehearing Denied April 10, 1924. Second Rehearing Denied May 1, 1924.)

1. **Exchange of property** &xrhombus;8(4)—**Party rescinding conveyance held to have discharged burden of proving attachment lien on property conveyed to him was enforceable against him.**

In a suit to rescind an executed contract of exchange of lands based on defendant's fraudulent withholding from plaintiff of knowledge of the existence of an attachment lien against the land conveyed to him, plaintiff, by production of documentary evidence relating to a suit to foreclose the attachment lien, and particularly the judgment therein, *held* to have discharged the burden of showing the attachment lien was valid and enforceable against him as the owner of the property, as against the objection that he could have defeated the lien on the ground that he had no actual notice at the time the exchange was consummated.

2. **Exchange of property** &xrhombus;5—**Party immediately rescinding held not to have lost right to rescind by foreclosure of assumed debt against property conveyed to him.**

Where a few days after its execution plaintiff rescinded a contract of exchange of lands because of defendant's fraud, and immediately filed suit to enforce the rescission, he did not lose his right to rescind because he permitted a foreclosure and sale of the property conveyed to him to satisfy a debt against it which he had agreed, by the exchange contract, to pay, his action in promptly rescinding having shifted

back to defendants the obligation to pay that debt and to protect the equity in the land.

3. **Exchange of property** &xrhombus;8(3)—**Failure of original petition to tender reconveyance held not to defeat right to rescind.**

That original petition to rescind land exchange contract did not formally tender reconveyance did not defeat plaintiff's right to rescind, where the case was tried on the third-amended petition, to the sufficiency of which no question was made, and the original petition constituted a plain repudiation of the exchange.

On Rehearing.

4. **Judgment** &xrhombus;682(1)—**Judgment held res judicata as to question whether attachment lien was valid.**

In an action to rescind a land exchange contract based on defendant's fraud in withholding from plaintiff knowledge of existence of an attachment lien against the land conveyed to plaintiff, judgment admitted in behalf of plaintiff rendered in a suit against defendants and plaintiff to foreclose the attachment lien, and reciting that the attachment lien was superior to plaintiff's right under the deed from defendants, *held* res judicata as to defendants and their privies, on the question as to the validity of the attachment lien against plaintiff.

On Second Rehearing.

5. **Covenants** &xrhombus;14—**Deed which "granted and conveyed" named premises impliedly covenanted against incumbrances.**

A deed which, "granted and conveyed" premises impliedly covenanted against incumbrances, and covenant against incumbrances thus implied was as effective as if it had been expressly inserted in the conveyance, under Rev. St. art. 1112.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Convey; Grant (in conveyancing).]

6. **Covenants** &xrhombus;121(3)—**Warrantor of covenant bound by judgment rendered against covenantee in action to which warrantor was not party, but of which he was notified by covenantee and called on to defend.**

In action for breach of covenant of warranty, warrantor is bound by judgment rendered against covenantee for land in action to which warrantor was not a party, but of which he had been notified by covenantee and called on to defend; such judgment establishing that eviction was under paramount title.

Appeal from District Court, Eastland County; E. A. Hill, Judge.

Suit by J. E. Butler against N. M. Garrett and others. Judgment for plaintiff, and defendants appeal. Affirmed.

Burket, Orr & McCarty, of Eastland, for appellants.

Scott, Brelsford, Funderburk & Ferrell, of Eastland, for appellee.

HIGGINS, J. The appellee, Butler, brought this suit against the appellants, N. M. Gar-

rett, S. P. Seastrunk, Mrs. Birdie Goode and husband.

In his third amended original petition upon which the case was tried appellee sued appellants for the title and possession of a tract of land in Cameron county, Tex., which, it was alleged, appellee had conveyed by deed to appellants in exchange for land in Eastland county, Tex., in pursuance of an agreement that such lands were to be conveyed by each party to the other, free and clear of all liens and incumbrances, save and except a certain lien for $15,000 on the Eastland county property, which appellee was to assume, and certain small claims estimated at $1,000 which were to be adjusted by appellee, paying the same and taking a note of the appellants for the amount thereof.

Appellee predicated recovery on allegations to the effect that prior to the conveyance to him of the Eastland county property an attachment lien, in the sum of $4,680, had been run on said property, without his knowledge, but with the knowledge of appellants, under circumstances alleged to constitute fraud, and to entitle appellee to rescission.

Alternative to the claim of fraud, appellee alleged that the exchange of the lands was made under a mutual mistake of facts by all the parties, as to the existence of the attachment lien, which was material, and prayed for rescission and recovery of the land, cancellation of the deeds, etc., on that ground.

Appellee also sought recovery of damages, in the sum of $1,425.30, for the amounts he had paid in pursuance of the deal for the exchange of lands; $1,000 of such amount having been covered by notes of appellants to appellee, in that amount, as to which it was alleged that no right had been asserted, and the amount covered by same had been claimed as damages, the notes were tendered for surrender and cancellation.

The jury, upon peremptory instruction of the court, returned a verdict for appellee for the Cameron county land, for cancellation of the deed from appellee to appellants, and for damages in the sum of $1,000, and judgment was rendered for appellee in accordance therewith.

The record discloses that Butler lived in Dallas; Garrett and Seastrunk in Eastland. Mr. Cross of Eastland conducted the negotiations between the parties, acting as their joint agent in the exchange of the property. About December 20, 1920, the parties agreed to make the exchange, Butler to assume the payment of an indebtedness of $15,000 against the Eastland property, in favor of an insurance company, which was secured by deed of trust. On December 28th, an abstract of title to the Eastland property, dated December 27th, was delivered to Butler, which upon examination disclosed the property to be free of liens, except the one to be assumed. About December 30th, Butler telephoned

Cross telling him the abstract was all right, and he would be out on January 10th to close. About this time or during the negotiations it was discovered that there were some claims against the Eastland property in the way of taxes, interest on the lien, etc., amounting to about $1,000, and the original agreement was modified whereby Butler was to pay these claims, taking the notes of Garrett and Seastrunk therefor, secured by a vendor's lien on the Cameron county land.

On January 4, 1921, Cross wrote Butler at Dallas, as follows:

"We have this day drawn the deeds in the Garrett-Seastrunk-Butler deal, and Messrs. Garrett and Seastrunk have executed their deed, which we are this day filing for record. We inclose you herewith a copy of this deed, this day filed for record.

"We are inclosing herewith a list of the accounts which you agree to assume and pay off, which is as follows: * * *

"You will please execute your deed conveying N. M. Garrett an undivided one-third interest in the land, and to Mrs. Birdie Goode an undivided two-thirds interest in same.

"You may prepare three notes covering the $1,000.00 which you assume as above outlined, payable in one, two, and three years from date, and send same to me, and I will have same executed by N. M. Garrett and Mrs. Birdie Goode.

"Thanking you in advance for your usual prompt attention to this matter, I am,

"Yours very truly,       A. S. Cross."

"P. S. I had the deed filed for record in order that you would be sure of the deal, and that you could immediately send out checks to the above-named parties covering the $1,000.00. Please send your deeds and abstracts at the earliest possible moment, and oblige."

The deed to the Eastland property was dated January 4, 1921, and was filed for record the next day.

Upon receipt of the letter, Butler signed the deed conveying the Cameron county property, and on January 9th took same with him to Eastland. The next day he conferred with Garrett and Seastrunk, and, according to his testimony in response to his inquiry, was assured by them that no change had occurred in the title to the Eastland property since date of the abstract of title thereto, upon the faith of which assurance he delivered the deed to the Cameron county property, and accepted their vendor's lien notes for the $1,000, as agreed, and paid off the claims against the Eastland property.

On the 11th or 12th of the same month he was served with citation upon an amended petition in a suit which had been filed in the district court of Eastland county, cause No. 7493. Such suit was originally filed on December 30, 1920, by the American National Bank against Garrett and Seastrunk, to recover upon two notes aggregating the principal sum of about $4,600, with attorney's fees, and to foreclose an asserted equitable lien upon the Eastland property. The amend-

ed petition upon which plaintiff was served with citation was filed January 8, 1921. By the amendment Butler was made a party defendant. This amended petition was offered in evidence by the appellants. Pertinent portions thereof are as follows:

"Plaintiff would further show that heretofore, to wit, on the 30th day of December, 1920, it caused to be issued out of the district court of Eastland county a writ of attachment in said cause, and that, in accordance with said writ, the sheriff of Eastland county, Texas, did, on the 30th day of December, 1920, at 12:30 o'clock p. m., levy upon and take possession as the property of the defendants N. M. Garrett and S. P. Seastrunk, of all the following described real property situated in Eastland county, Texas, to wit: [Here follows description of the Eastland property conveyed to Butler.]

"That said sheriff's return was filed with the district clerk of Eastland county, on December 30, 1920, and that a certified copy of said writ of attachment, with the levy thereof, was filed with the county clerk of Eastland county, on the 30th of December, 1920, and has been duly recorded in the attachment records of Eastland county, volume 2, p. 15, here referred to and made a part hereof for all purposes.

"(8) That defendant J. E. Butler is asserting some right or interest in and to the above described premises by virtue of a deed executed by N. M. Garrett and S. P. Seastrunk, dated January 4, 1921, and filed for record with the county clerk of Eastland county on January 5, 1921, at 1:50 o'clock p. m. Plaintiff alleges that any interest or claim said J. E. Butler may have in and to said premises is inferior, and secondary to said attachment lien, and said equitable lien described, by virtue of plaintiff having furnished defendants Garrett and Seastrunk a portion of the purchase price of said premises."

The prayer as to Butler was that he be made party defendant, and for foreclosure against him of the attachment and equitable lien.

Butler testified that, upon being served with citation, he immediately attempted to get in touch with Garrett and Seastrunk, but found they had left Eastland on the 10th. He waited two days for them to return, and, they not doing so, he turned the matter over to his attorneys who filed the present suit on January 15, 1921, and answered for him in the attachment suit on February 4, 1921, by general demurrer and denial.

Appellee offered in evidence the judgment rendered May 16, 1921, in cause No. 7493, which recites:

"The court further finds that plaintiff has and is entitled to a valid and subsisting attachment lien on the hereinafter described property, by virtue of a writ of attachment levied thereon on the 30th day of December, 1920. The court further finds that plaintiff's attachment lien is superior to a warranty deed executed by defendants N. M. Garrett and S. P. Seastrunk, to defendant, J. E. Butler, said

writ of attachment having been filed with the county clerk of Eastland county, for record prior to the filing of said deed from Garrett and Seastrunk to said Butler. The court further finds that said attachment lien should be foreclosed as prayed for,"

—and rendered judgment in favor of the American National Bank against Garrett and Seastrunk for the amount sued for upon the notes, with foreclosure of the attachment lien against all parties. With special reference to Butler the judgment provides:

"It is further ordered, adjudged, and decreed by the court that the attachment lien so secured by plaintiff herein is superior to any rights, title, or interest claimed by the defendant J. E. Butler in and to said premises, under and by virtue of said deed from defendants Garrett and Seastrunk, and said interest of J. E. Butler is in all things declared inferior and secondary to plaintiff's lien and rights hereunder."

The appellee also offered in evidence the following with reference to the writ of attachment:

"Sheriff's Return.

"Came to hand on this the 30th day of December, 1920, at 12 o'clock m., and executed on the 30th day of December, 1920, at 12:30 o'clock p. m., by levying upon and taking into my possession, as the property of the within named defendants, N. M. Garrett and S. P. Seastrunk at Eastland, Texas, all of the following described real property, situated in Eastland county, Texas, to wit: All the right, title, and interest of N. M. Garrett and S. P. Seastrunk in and to the following land, with all improvements thereon, situated in the city of Eastland, and being a portion of block–D/1 in the city of Eastland, described as follows: [Here follows description of the Eastland property, and statement of the sheriff's fees.]

"S. E. Nolley, sheriff Eastland county, Texas.
　　　　　　　By Jim Steele, Deputy."

"The State of Texas, County of Eastland.

"I hereby certify that the above and foregoing is a true and correct copy of the writ of attachment, and my return thereon in above-styled cause, so far as the same relates to lands in Eastland county.

"Given under my hand this the 30th day of December, 1920.

"S. E. Nolley, sheriff Eastland county, Texas.
　　　　　　　"By Jim Steele, Deputy."

"Filed, for record on the 30th day of December A. D. 1920, and recorded on the 1st day of January, A. D. 1921, in Book 2, page 15.

"Earl Bender, County Clerk Eastland county, Texas,
　　　　"By Sibyl Truly, Deputy."

Opinion.

[1] Appellants contend the court erred in giving the peremptory instruction in favor of Butler, and in refusing to give a peremptory instruction to find for the appellants. But two reasons are assigned in support of this position, the first being that it was incumbent upon appellee as prerequisite to the

right of rescission, to show a valid and subsisting attachment lien upon the Eastland property enforceable against him, and this he failed to do. This proposition is based upon the theory that Butler could have successfully defended the foreclosure of the attachment lien in cause No. 7493, against him as a purchaser of the Eastland property, without notice. Appellants are correct in their assertion that it was incumbent upon Butler to show that. the attachment lien was valid and enforceable against him. 2 Black on Rescission and Cancellation, §§ 421 and 567. Admittedly, he was without actual notice at the time the exchange was consummated, but this is immaterial if he was charged with constructive notice. And the documentary evidence detailed above, particularly the judgment in cause No. 7493, in connection with the other undisputed facts, shows that he had constructive notice of the attachment and the same was a valid and enforceable lien against him. Article 6858, R. S.; Bank v. Craig (Tex. Sup.) 257 S. W. 210. Butler thus discharged the burden imposed upon him, and the first proposition presents no error. Montgomery v. Carlton, 56 Tex. 361; Hardware Co. v. Davis, 87 Tex. 146, 27 S. W. 62.

[2] The second proposition advanced is that Butler lost his right to rescind because he permitted a foreclosure of the Eastland property, and sale thereunder, to satisfy the $15,000 debt against it which he agreed to pay, wherefore the status quo ante could not be restored.

This would be well taken if Butler had delayed exercising his right of rescission and filing suit to enforce his right until after he had suffered the foreclosure, as in the case of Chambers v. Grisham (Tex. Civ. App.) 157 S. W. 1177, cited by appellants. The facts in the present case are very different. Butler did not take possession of the Eastland property, but repudiated the transaction immediately. He asserted his right to rescind, and filed this suit therefor five days after the exchange was consumated. The trustee's sale of the Eastland property foreclosing the lien was made June 7, 1921.

After the exercise by appellee of his right of rescission, and the filing of this suit to enforce the same no legal obligation rested upon him to pay the debt against the Eastland property. Such action by him shifted back to Garrett and Seastrunk the obligation to pay that debt and protect the equity in the property. Hence, this objection of the appellants is not well taken.

[3] Upon this phase of the case appellants in argument seem to attach some importance to the fact that, in the first original petition herein, appellee made no formal tender to reconvey the Eastland property. The case was tried upon the third amendment, and no question as to its sufficiency is made. The original petition constituted a plain re-

pudiation of the exchange, and was an action to rescind and recover back the Cameron county property. There could be no doubt as to the character of the action and of the right asserted, as disclosed by the original petition. We fail to see the force of appellants' complaint as to the sufficiency of the original petition in the particular mentioned in view of the fact that the defect was cured by the later amendments. There is no connection between the defect in the original petition and the propositions upon which this appeal is based.

This disposes of all contentions made.

Affirmed.

### On Rehearing.

[4] There is one feature of the motion for rehearing which will be briefly discussed, namely: The insistence that proper indexing of the attachment lien in cause No. 7493, was essential to the validity of the lien against Butler so as to affect him with constructive notice thereof, and that there was no evidence to show that the lien had been indexed.

The appellants overlook the fact that there was a judgment rendered in cause No. 7493, by which it was ascertained and decreed that the attachment lien was superior to the right of Butler under the deed from Garrett and Seastrunk. This judgment was admitted in evidence without objection. Garrett and Seastrunk were parties to that judgment, and Mrs. Goode is in privity with them. That judgment forecloses all inquiry into the regularity of the proceedings necessary to fixing the lien as superior to the rights of Butler, and is res judicata that there had been a compliance with all prerequisites essential to its validity against Butler, and that he was charged with constructive notice thereof. This is the feature of this case which distinguishes it from Bank v. Craig (Tex. Sup.) 257 S. W. 210, and Bank v. Collis (Tex. Civ. App.) 197 S. W. 782, so strongly relied upon by appellants.

The motion is overruled.

### On Second Rehearing.

Appellants vigorously attack the ruling that the judgment in cause No. 7493 was res judicata of the superiority of the attachment lien to Butler's title. The general rule, of course, is that parties defendant to a judgment are not bound by it in subsequent controversies between each other, unless by cross-pleadings they became adversaries in the action in which the judgment was rendered. This rule, however, is not without its exceptions. 15 R. C. L. 1013, Sect. 487; note 27 L. R. A. (N. S.) 650. In our opinion this case is an exception.

[5] The deed from Garrett and Seastrunk, as it appears in the statement of facts, contains no express covenant, but it "granted" and "conveyed" the Eastland land, and

there was thus implied a covenant against incumbrances, which was as effective as if it had been expressly inserted in the conveyance. Article 1112, R. S.

[6] In an action for breach of the covenant of warranty, the warrantor is bound by a judgment rendered against the covenantee for the land in an action to which the warrantor was not a party, but of which he had been notified by the covenantee and called upon to defend. In such case the judgment not only establishes eviction, but that it was under title paramount. Buchanan v. Kauffman & Runge, 65 Tex. 235; Sachse v. Loeb, 45 Tex. Civ. App. 536, 101 S. W. 450; Rawle on Covenants of Title (5th Ed.) § 125.

In the present case it is not affirmatively shown that Garrett and Seastrunk were called upon by appellee to defend his title in cause No. 7493 against the attachment lien; but they were parties to that suit, and it was their legal duty to defend the title against such incumbrance. They had the opportunity and right so to do. Under such circumstances they will not be heard in the present action to question the conclusiveness of the judgment in cause No. 7493, establishing the inferiority of Butler's title to the attachment lien. Brown v. Hearon, 66 Tex. 63, 17 S. W. 395.; Gordon v. Thorp (Tex. Civ. App.) 53 S. W. 357; Carnes v. Carnes, 26 Tex. Civ. App. 610, 64 S. W. 877; Brader v. Zbranek (Tex. Civ. App.) 213 S. W. 331; Louis v. Trustees, etc., 109 U. S. 168, 3 Sup. Ct. 92, 27 L. Ed. 892; notes in 27 L. R. A. (N. S.) 650, and 13 L. R. A. (N. S.) 732.