## HOWE GRAIN AND MERCANTILE COMPANY v. W. J. GALT.

Decided April 8, 1903.

**Venue—Contract—Fraud.**

A suit for damages from falsely representing diseased hogs sold to plaintiff to be sound and healthy is an action for fraud, in which suit may be brought in the county where the fraud was committed (Rev. Stats., art. 1194), though defendant resides elsewhere and pleads his privilege.

Appeal from the County Court of Grayson. Tried below before Hon. J. D. Woods.

32 Civil—13.

*E. C. McLean,* for appellant.

*Todd & Armistead,* for appellee.

STREETMAN, ASSOCIATE JUSTICE.—Appellant brought this suit in the County Court of Grayson County against appellee, whose residence was in Franklin County, Texas. Appellee filed a plea of privilege, which was sustained by the court.

The cause of action alleged was, in substance, that the defendant represented to plaintiff that he owned forty-eight head of sound, healthy hogs in Grayson County, Texas, which he offered to sell to plaintiff. That said hogs were diseased and this fact was known to defendant, but unknown to plaintiff, and defendant knowing said fact, fraudulently represented to plaintiff that the hogs were sound and healthy, and plaintiff, relying upon said representation, bought and paid for said hogs. That afterwards, all of said hogs died. Plaintiff sought to recover the price paid for said hogs and his expenses in treating them. The entire transaction and all the representations with reference to it were alleged to have occurred in Grayson County.

Appellee insists that the cause of action is simply for breach of a contract not in writing, and that the defendant could not be sued out of the county of his residence.

We can not agree with this contention. We think it quite clear from the pleadings that the plaintiff alleged a case of deceit, which is but a form of fraud, and that it falls clearly within the class designated by the statute as cases of fraud (Rev. Stats., art. 1194) in which suit may be brought in the county where the fraud was committed. 5 Am. and Eng. Enc. of Law, 1 ed., p. 318; Wintz v. Morrison, 17 Texas, 384. In the case cited is contained a full discussion of the law of such cases, and it is there said: "The ground of the action is the deceit practiced upon the buyer to his injury."

We are of opinion that the court erred in sustaining the plea of privilege, and the judgment is therefore reversed and the cause remanded.

*Reversed and remanded.*