## S. F. SINGLETON v. J. H. HOUSTON.

### Decided February 27, 1904.

**1.—Contract of Leasing—Rescission for Fraud.**

Where plaintiff and defendant jointly executed a contract of leasing by virtue of which each party respectively leased certain lands to the other in exchange for a lease therein of the other's land, and such lease contract was made by plaintiff on the strength of defendant's representations that he was entitled to the use and control of the lands so leased by him to plaintiff, the latter was entitled to a cancellation of the contract upon proof showing that defendant did not, except in small part, own or control the lands he had undertaken to lease to plaintiff, and had not since acquired such ownership or right of control.

**2.—Same—Legal and Actual Fraud.**

It was immaterial that defendant's false representations as to his control of the lands were innocently made, as the case would still be one of legal fraud.

**3.—Same—Immaterial Error.**

The erroneous rejection by the court of evidence showing defendant entitled to the control of a part of the lands for a part of the term of the contract was immaterial where defendant's representations would still have been untrue to a material extent and plaintiff therefore entitled to a rescission.

Appeal from the District Court of Mitchell. Tried below before Hon. C. H. Earnest, Special Judge.

*W. B. Crockett,* for appellant.

*Smith & Smith,* for appellee.

SPEER, ASSOCIATE JUSTICE.—J. H. Houston instituted this suit in the District Court of Mitchell County against S. F. Singleton, seeking upon various grounds the cancellation of the following contract:

"State of Texas, County of Mitchell. This contract and agreement made and entered into on this 19th day of June, 1902, by and between S. F. Singleton and J. H. Houston, both of Lynn County, Texas, witnesseth:

"That in consideration of the mutual benefits to accrue and the amount to be paid as hereinafter stated, the said Singleton hereby agrees, binds and obligates himself, his heirs and assigns, to give the possession and use of all of sections numbers 11, 12, 15 and 16, and all of the lands lying east of the fence running north and south across sections 31 and 24 and halfway across sections 17 and 38 and to the south line of section 10 (said fence to be extended as hereinafter stated), all of said land being in block H, E. L. & R. R. R. R. Co., situated in Lynn County, Texas, the said use and possession to be for a period of four years from the date of this contract.

"And the said Houston hereby agrees, binds and obligates himself, his heirs and assigns, to give the possession and use of all of sections numbered 19, 17 (that part west of fence), 31, 33, and the south half

of section 37, E. L. & R. R. R. R. Co., block H, and also section 55, certificate No. 29, in block A1, same R. R. Co., all in Lynn County, Texas, this possession and use to be for a term of four years from the date of this contract.

"It is understood and agreed hereby that if the said Singleton furnishes the said Houston more acres of land in this exchange or "blocking" than said Houston furnishes said Singleton, then the said Houston is to pay the said Singleton, at the end of each year, lease on the said deficit or shortage at the same rate said Singleton was paying for said land.

"And if the said Houston furnishes the said Singleton more acres of land in this exchange of 'blocking' than said Singleton furnishes the said Houston, then the said Singleton is to pay the said Houston, at the end of each year, on the deficit or shortage, at the same rate said Houston was paying for said land.

"It is further understood and agreed that if any person shall procure any land in said Singleton's pasture, the said Houston hereby binds himself, his heirs and assigns, not to furnish said person with water for his stock, nor to allow such person to water his stock in said Houston's pasture on the lands controlled by said Houston.

"And the said Singleton hereby binds himself, his heirs and assigns, that if any person shall procure land in Houston's pasture, said Singleton will not furnish such person water for his stock, nor allow such person to water his stock in said Singleton's pasture on the land controlled by said Singleton.

"It is hereby agreed that the fence running north and south across sections 31, 24, and halfway across sections 17 and 38, in block H, E. & L. R. R. R. R. Co., in Lynn County, Texas, is to be extended to the south line of section 10, in same block, and that each party hereto is to furnish one-half of said fence to be so extended.

"All money due under and by virtue of this contract is to be paid in Mitchell County, Texas, and all damages accruing under and by virtue of this contract shall be recoverable and payable in Mitchell County, Texas.

"Witness our hands in duplicate, this the date first above written, each party hereto taking a copy hereof.

(Signed)    S. F. SINGLETON.<br>(Signed)    J. H. HOUSTON."

A trial was had before the judge, and judgment rendered in favor of plaintiff. The evidence authorizes the conclusion that, as an inducement to entering into said contract and as a consideration therefor, it was agreed and understood between the parties that Houston was at the time entitled to the use and control of the lands which he was to furnish to Singleton, and that Singleton was also entitled to the use and control of the lands which he agreed to furnish to Houston; that Houston

was so entitled to the use of all such lands as he had agreed to give in exchange, but that Singleton, on the contrary, did not own or control, nor has he since acquired the ownership or control, of any of such lands as he had contracted to furnish in exchange, except survey No. 11, block H. But for the representations and agreement of appellant Singleton to the effect aforesaid, appellee would not have entered into such contract. The evidence also supports the trial court's conclusions that appellant is liable to appellee in the amount of the judgment for rent or lease of lands used by him.

While we do not feel inclined to affirm the trial court's judgment upon the ground of partial failure of consideration, we nevertheless are of the opinion that the acts and representations of appellant amounted to legal fraud, entitling appellee to a rescission of the contract. We do not understand the law to be that in a case like this a partial failure of consideration would authorize a rescission; in such case the aggrieved party might be relegated to his action on the warranty, but in this case we think there is more than a mere partial failure of consideration. The gist of the agreement between the parties was an exchange of an estate for four years in certain lands, and the representations of appellant, even though innocently made, were nevertheless untrue, and the appellee relying and acting upon the same should not be bound by his contract when these representations prove false. It is legal if not actual fraud.

We are inclined to think the trial court erred in not permitting the lease from Slaughter to appellant when tendered in evidence by him. While this lease refers to lease contract No. 30561, issued by John J. Terrell, chief clerk and acting Commissioner General Land Office, etc., as the source of the lessor's title, which particular lease, it seems, was void, nevertheless such conveyance by Slaughter to appellant would, we think, convey watever title Slaughter might then own in the surveys included. But while this is true, the testimony, if it had been admitted, would have shown appellant to be entitled to the use of sections 10, 16 and 24 for not exceeding fourteen months, the length of the unexpired lease from the State under which Slaughter really held. So that it will be seen had the testimony been admitted the result could not have been materially different; the agreements and representations of appellant would yet have been substantially untrue, and appellee entitled to his rescission.

We think a proper interpretation of the contract of the parties indicates an agreement for the exchange of lands as aforesaid, and not a leasing by the one to the other, as would be the effect of our decision were we to adopt the view of appellant. The provision of the contract requiring a payment of lease money at the end of each year by the one or the other of the parties according as there is an excess of land in his favor, we think grew out of the fact that it was uncertain at the

time of entering into the contract the exact number of acres each was supplying, and had no reference, as contended by appellant, to a probable loss of the control of the lands therein conveyed by the parties. Differently stated, we do not think the contract purports to be, or really was, an exchange of the possession and use of the lands of each to the other for such time only as each should retain his then right to the use and possession of the same.

The assignments complaining of the court's action with reference to the writ of injunction against appellant seem to contemplate the temporary writ, and will therefore be overruled.

The judgment is in all things affirmed.

*Affirmed*

Writ of error refused.