## Missouri, Kansas & Texas Railway Company of Texas v. C. C. Morrison.

### Decided April 14, 1906.

**1.—Evidence—Entries in Order Book by Agent.**

Entries made by an agent in an order book kept by him in the transaction of his principal's business are not admissible in evidence by simply proving the handwriting of the agent. Such entries are secondary evidence.

**2.—Same.**

Where incompetent evidence has been admitted, the testimony of witnesses to the same effect and evidently derived from or based upon the incompetent evidence does not render the error harmless.

Appeal from the County Court of Cook County. Tried below before Hon. J. M. Wright.

*Garnett & Eldridge,* for appellant.

*Culp & Giddings,* for appellee.

STEPHENS, ASSOCIATE JUSTICE.—Appellee sued appellant to recover the sum of $750 as special damages resulting from its failure through its connecting carrier, the Rock Island Railway Company, to deliver to him a car of fruit trees at Sugden, Indian Territory, from Sherman, Texas, by November 15, 1902, and recovered a verdict and judgment for $175, from which this appeal is prosecuted. As a basis for the recovery sought appellee was permitted to read in evidence, over the objections of appellant, a book purporting to contain the names and addresses of fifty-seven persons, with amounts of money set opposite their names ranging from $1.25 to $67 and amounting in the aggregate to $609.85. He admitted that the entries in this book had been made when he was not present by one Mr. Kelso, who had acted as his agent in taking orders for fruit trees, but identified the handwriting as that of Kelso. The objection made to the testimony was that, as the entries in the book had been made "by third parties," it was hearsay evidence and "not binding on appellant." To the admission of this testimony the sixth error is assigned. The counter proposition of appellee is as follows: "The order book admitted in evidence was the book containing the original entries made by Kelso at the time and was proved to be his handwriting and was admissible." But this is no answer to the assignment. The fact that the entries had been made by Kelso, as shown by the proof of his handwriting, did not relieve the evidence of the objection that it was secondary, a mere memorandum made by an agent of the details of business transacted for his principal. No evidence beyond the fact that the entries were in the handwriting of Kelso was offered to show when he had made them or that they had been correctly made.

The further counter proposition is submitted that even if the book was inadmissible, the error was harmless, "since material facts shown by this book were shown by other competent testimony." In support of this the following is quoted from appellee's testimony: "I had $700 worth or a little over, according to our price list, according to the way we sold them. We had $700 worth of orders and had the trees insured." Evidently this was but a conclusion of the witness deduced, if not from the book itself, which seems probable, at least from what had been reported to him by those who had taken the orders and who were not offered as witnesses. The further and only remaining statement offered in support of the counter proposition is the following quotation from the testimony of one Mowry, which is manifestly insufficient: "I saw the trees in bulk at Comanche that were intended for Sugden and I saw them afterwards at Sugden. According to the trees that we had at Comanche there must have been some $600 or $700 worth of trees for Sugden. The purchasers were to pay cash for the trees."

We are also inclined to the opinion that appellee's cross assignment

should be sustained, in which he complains of the admission in evidence of a copy of the bill of lading, which limited appellant's liability to its own line, the ground of the objection being that appellant had not used sufficient diligence to obtain the original. This, however, would not warrant an affirmance of the judgment, since, had the court ruled against appellant, it might have taken steps to continue the case in order to obtain additional testimony. Besides, it was incumbent on appellee by the production of competent testimony to show the amount of his damages.

The judgment is therefore reversed and the cause remanded for a new trial.

*Reversed and remanded.*