DAY et al. v. STEVERSON.

(Court of Civil Appeals of Texas. Texarkana. March 21, 1912.)

1. VENUE (§ 14*)—ACTION FOR FRAUD.
Action for fraud is properly brought in the county where it was perpetrated, though defendants reside in another county.
[Ed. Note.—For other cases, see Venue, Cent. Dig. § 21; Dec. Dig. § 14.*]

2. VENDOR AND PURCHASER (§ 343*)—FRAUD —REMEDIES OF PURCHASER—RESCISSION.
A purchaser of land defrauded by the vendor's misrepresentations as to the quality of the land can rescind upon reconveying the title or can retain the title and recover his damages.
[Ed. Note.—For other cases, see Vendor and Purchaser, Cent. Dig. §§ 1023–1029; Dec. Dig. § 343.*]

3. VENDOR AND PURCHASER (§ 351*)—FRAUD —REMEDIES OF VENDEE—DAMAGES—MEASURE.
The measure of a purchaser's damages for fraudulent misrepresentations by the vendor as to the quality of the land is the difference between the price and the value of the land.
[Ed. Note.—For other cases, see Vendor and Purchaser, Cent. Dig. §§ 1047–1058; Dec. Dig. § 351.*]

4. VENDOR AND PURCHASER (§ 351*)—FRAUD OF VENDOR—DAMAGES.
Since any land has some value, a finding in an action by a purchaser of land for fraudulent misrepresentations by the vendor as to the quality of the land that the land was worthless was erroneous.
[Ed. Note.—For other cases, see Vendor and Purchaser, Cent. Dig. §§ 1047–1058; Dec. Dig. § 351.*]

Appeal from Harrison County Court; H. T. Lyttleton, Judge.

Action by J. T. Steverson against J. R. Day and others. Judgment for plaintiff, and defendants appeal. Reversed and remanded.

Chilton & Chilton, of Dallas, for appellants. Lane & Lane, of Marshall, for appellee.

HODGES, J. This suit was instituted by J. T. Steverson, the appellee, against J. R. Day, Levi Anderson, Sr., and Levi Anderson, Jr., alleging that the defendants composed a partnership known as the Plateau Valley Land Company, and that in April, 1910, their agent approached the plaintiff in the town of Marshall, Harrison county, Tex., for the purpose of selling him certain lots and land situated in and near to the town of Plateau, in El Paso county; that the above-named parties caused their literature to be exhibited and distributed, and that such literature came into the hands of plaintiff, and by reading it and through the representations of the agents of said parties he was induced to buy ten lots and five acres of land in the town of Plateau, paying therefor the sum of $472.50. It is further alleged that the literature distributed by Day and the Andersons and their representatives represented the town of Plateau as being situated in a country well watered and well adapted to the production of a large variety of agricultural products and fruits, that gas had been discovered in that vicinity, and that minerals such as copper and zinc were to be found near there in great abundance. It is averred that these representations were false and were fraudulently made for the purpose of inducing plaintiff to make the purchase; that, relying upon their truthfulness, he did make the purchase and paid the purchase price before mentioned. The case was tried before the court without a jury, and a judgment rendered in favor of the plaintiff in the suit for the full amount of $472.50. The court found as a fact that the land was practically worthless. This finding is urged as supporting the judgment in favor of appellee for the entire sum paid as the purchase price of the land.

[1] Appellants, defendants below, pleaded their privilege to be sued in Dallas county, the county of their residence. This was overruled by the court. There was no error in this ruling. The suit is one to recover damages resulting from a fraud which it is alleged was perpetrated in Harrison county, and under the facts alleged the suit might properly be brought there.

[2, 3] It was shown by the evidence that, after the purchase of the property in question by Steverson, he attended what was called the "distribution of town lots," in September, 1910, and had an opportunity to see the country and its surroundings. He and those who accompanied him, and who are the only witnesses who testified upon the trial in the court below, remained at Plateau less than one day. From their observations they concluded that the country was practically worthless, and that all of the representations regarding its productiveness and the presence of minerals in that vicinity were false. However, deeds to the lots were thereafter tendered to Steverson and accepted by him, one of which was placed of record, and the other is still retained in his possession. If by false representations as to material facts concerning the quality of the land, its surroundings, and the conditions existing in that vicinity Steverson was induced to purchase lots worth less than the consideration paid, he might demand a rescission of the contract of purchase upon reconveying the title to the land, or he might retain the title and recover the damages which the law would permit under such circumstances. The measure of his recovery when damages are sought is the difference between what he paid and the value of what

he got. George v. Hesse, 100 Tex. 44, 93 S. W. 107, 8 L. R. A. (N. S.) 804, 123 Am. St. Rep. 772, 15 Ann. Cas. 456; Gordon v. Rhodes, 117 S. W. 1023. The fact that he retained the title would not affect his right to recover damages for a fraud perpetrated by false representations, however much it might preclude him from obtaining a rescission of his contract.

[4] The finding by the court that the land was practically worthless is assailed as being erroneous, and we think the assignment is well taken. Land is universally recognized in this country as property, and all property has some value. Our system of taxation is based upon the presumption that land has a value which should be recognized in all commercial transactions. The value may be small. How much it amounted to in this case was an issue of fact which the court, or the jury trying the case, must determine.

We deem it proper to say in this connection that the testimony relied upon to establish the misrepresentations charged is not to our minds entirely satisfactory. Appellee's witnesses who testified as to the conditions existing at Plateau admitted that they were there only a short time, and had no opportunity to fully inform themselves. The court had only their conclusions formed from observations made under those circumstances.

The judgment is reversed, and the cause remanded.