### SHEFFIELD et al. v. ROUSEY.

(Court of Civil Appeals of Texas. Austin. Nov. 13, 1912. On Motion for Rehearing, Jan. 8, 1913. Rehearing Denied Feb. 12, 1913.)

1. APPEAL AND ERROR (§ 301*)—REVIEW—MOTION FOR NEW TRIAL.

Where no complaint was made as to the findings of the court in the motion for a new trial, they cannot be considered on appeal, under Rule 24 (142 S. W. xii), providing that assignments of error must distinctly specify the ground of error relied on and be distinctly set forth in the motion for new trial in the cause, and that otherwise the ground of error shall be considered waived unless so fundamental as to warrant consideration without an assignment of error.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 1743, 1753–1755; Dec. Dig. § 301.*]

On Motion for Rehearing.

2. VENUE (§ 21*)—ACTION FOR CUSTODY OF CHILD—PRIVILEGE—FRAUD.

Where plaintiff is, through false representations and deceit, persuaded to take his

---

child into another county, and his possession and right to control it were not interfered with until he got in such county, the venue of a suit to recover the child was not properly laid in the county where the fraud was practiced, and a plea of privilege by the defendants to be sued in the county where they resided should have been sustained; the fraud not being the gist of the action, and the cause of action being the unlawful deprivation of the custody of the child.

[Ed. Note.—For other cases, see Venue, Cent. Dig. § 34; Dec. Dig. § 21.*]

Appeal from District Court, Brown County; John W. Goodwin, Judge.

Habeas corpus by Hugh L. Rousey against Dan Sheffield and others. Judgment for plaintiff, and defendants appeal. Reversed.

Wright, Wynn & Bartholomew, of San Angelo, and C. L. McCartney, of Brownwood, for appellants. Arch Grinnan, of Brownwood, for appellee.

KEY, C. J. Hugh L. Rousey instituted this suit against Frank Sheffield, Dan Sheffield, Bill Sheffield, and Mrs. A. J. Sheffield, in which the plaintiff sought by writ of habeas corpus to recover possession of his child, Virginia Rex Rousey, a girl about 10 months of age. After the suit was filed, Bill Sheffield died, and the plaintiff prosecuted his suit against the other defendants. The suit was brought in Brown county, and the plaintiff's petition showed on its face that the defendants resided in Pecos county. Among other things, the petition alleged: "That the defendants entered into a conspiracy and collusion with each other for the purpose of kidnapping said minor and taking it from its said residence and home in Brown county, Tex., and taking it from the lawful custody and possession of plaintiff; and, in pursuance of said conspiracy and collusion, the defendants Dan Sheffield and Frank Sheffield represented and stated to plaintiff in Brown county, Tex., that said Bill Sheffield and Mrs. A. J. Sheffield, grandparents of said minor, desired to see said minor, and that if plaintiff would let them take said child to see said grandparents, or if plaintiff would go with them and take it, that defendants would treat plaintiff as a brother, and that they would not try to take said child away from plaintiff, and would not deprive plaintiff of its custody, and that the defendants would permit plaintiff to bring said child back home to Brown county with him whenever he so desired, which said representations, statements, and promises were made to plaintiff in Brown county, Tex. That the plaintiff, believing and relying upon said representations, statements, and promises, permitted the defendants to take said child to said grandparents, for the purpose only as stated by defendants, as aforesaid, and for no other purpose, and plaintiff accompanied said child and defendants, and plaintiff would not have

consented or permitted his said child to have been so taken from its home in Brown county, Tex., and out of plaintiff's custody in said county, and would not have accompanied defendants, if he had known that said promises, representations, and statements were untrue, and would not have been carried out by defendants. That said statements, promises, and representations were false and untrue, and defendants so knew it at the time they made them, and they did not intend to carry them out at the time they made them, and .they were made by the defendants for the purpose of deceiving the plaintiff, so that the defendants could get possession and custody of said child, and defendants thereby deceived plaintiff and got and took from plaintiff the custody and possession of said child, and the defendants thereby took and caused said child to be taken out of Brown county, Tex., and out of plaintiff's custody and possession in said county, for the purpose of depriving plaintiff of the custody thereof, without this plaintiff's consent, and said child was and is falsely imprisoned by defendants for the purpose of taking it from the lawful possession of plaintiff and depriving plaintiff of the custody thereof, and that defendants now have possession and custody of said child, and that said custody and possession is illegal. That plaintiff believes, and has reason to believe, that defendants, with said minor, are now in Pecos county, Tex. That your petitioner fears that defendants will remove said child without the state of Texas and effectually conceal her whereabouts from plaintiff." The defendants, in due time and manner, filed a plea of privilege to be sued in Pecos county. The plea referred to was heard with the balance of the case; and, after hearing all the testimony, the trial court overruled that plea and rendered judgment for the plaintiff awarding him a writ of habeas corpus to compel the defendants to restore to him the child in question.

[1] The defendants filed a motion for a new trial, which presented but two questions, which were: First, error in overruling the defendants' plea of privilege; and, second, error in sustaining the plaintiff's exception to that portion of the defendants' answer setting up the guardianship proceedings in Pecos county appointing Mrs. Virginia Sheffield guardian of the person of the child in controversy. That motion was overruled, and the defendants have appealed and assigned as error the action of the trial court in overruling the plea of privilege. They have also assigned error upon several of the trial court's findings of fact; but as they did not in their motion for new trial raise any such point, or complain that the judgment was not supported by testimony, they are cut off by Rule 24 (142 S. W. xii) from making such complaint in this court; and there-

---

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key-No. Series & Rep'r Indexes

fore we must dispose of the assignment now under consideration upon the theory that the court made correct findings of fact. These findings support the allegations in the plaintiff's petition charging a conspiracy among the defendants, and that a fraud was perpetrated upon the plaintiff in Brown county in order to get possession of the child and remove it from that county. Those allegations, and the findings of the trial court in support of them, bring the case within the provision of the statute which authorizes suit to be brought in the county where the fraud, trespass, crime, or offense was committed. Howe Grain Co. v. Galt, 32 Tex. Civ. App. 193, 73 S. W. 828.

This disposes of the only question which is properly presented to this court for decision, and our conclusion is that the judgment should be affirmed, and it is so ordered.

Affirmed.

### On Motion for Rehearing.

[2] After further consideration of this case upon appellants' motion for rehearing, we have reached the conclusion that the trial court and this court fell into error in not sustaining the appellants' plea of privilege to be sued in another county. When a cause of action is founded upon a trespass or fraud, the suit may be brought in the county where the trespass or fraud was committed, and we held in our former opinion that the plaintiff's petition charged the defendants with perpetrating a fraud upon him in Brown county, and therefore the district court of that county had jurisdiction. After further consideration, we have reached the conclusion that the alleged fraud is not the gist of and does not constitute the plaintiff's cause of action. His cause of action rests upon the fact that he has been and is unlawfully deprived of the possession and custody of his minor child; and, in so far as his right of recovery is concerned, it is immaterial that the defendants, by false and fraudulent representations, induced him to consent to the removal of the child from Brown county. The undisputed testimony shows that, when the child was carried from Brown county, the plaintiff voluntarily went with it; and the proof fails to show that his possession and right to control the child were interfered with or denied by either of the defendants until they reached the home of the child's grandparents in Pecos county. Hence we conclude that the venue of the suit was not properly laid in Brown county, and that the defendants' plea of privilege should have been sustained; and, for these reasons, the judgment of affirmance heretofore rendered by this court is set aside, and the judgment of the court below is reversed, and the cause remanded, with instructions to that court to sustain the plea of privilege and transfer the case to Pecos county.

Motion granted. Judgment reversed, with instructions.