BRADER et al. v. ZBRANEK et ux.
(No. 7738.)

(Court of Civil Appeals of Texas. Galveston. May 27, 1919. Rehearing Denied June 19, 1919.)

1. VENDOR AND PURCHASER ⟷44—MISREPRESENTATIONS—RELIANCE ON BY PURCHASER—SUFFICIENCY OF EVIDENCE.

Evidence held to support finding that purchasers were deceived by vendors' misrepresentation as to their title.

2. APPEAL AND ERROR ⟷1011(1)—REVIEW—FINDINGS.

Findings of trial court on conflicting evidence are conclusive on appeal.

3. VENDOR AND PURCHASER ⟷35—MISREPRESENTATIONS—EXCHANGE OF LANDS—DEFECTIVE TITLE.

Where contract for exchange of lands is procured by means of misrepresentations made by one of the parties as to his title, or is procured by such party by means of concealing from other party facts, known to first party and unknown to the other, which would affect or call in question his title, such contract may be set aside and rescinded by the injured party as for fraud.

4. COVENANTS ⟷90—WARRANTY OF TITLE—DUTY TO DEFEND.

It is the duty of a warrantor, when made a party to a suit, or when notified of a suit in which his warrantee is sued for the title to the land, the title to which he has contracted to defend, to come in and defend such title, and if he fails to do so he cannot complain that his warrantee has failed to make such defense.

5. JUDGMENT ⟷712—CONCLUSIVENESS—ACTION TO RECOVER LAND—PERSONS NOT PARTIES.

Where husband and wife, having title to land by limitation, sold to purchasers, who failed to appear in third party's action to recover the land and permitted default judgment to be rendered against them but who thereafter and subsequent to husband's death rescinded contract, such default did not affect the interest inherited by vendor's daughter, where such daughter was not a party to the action to recover the land by such third parties.

Appeal from District Court, Harris County; Wm. Masterson, Judge.

Suit by L. Zbranek and wife against Mattie Brader and others. Judgment for plaintiffs, and defendants appeal. Affirmed.

Tharp & Tharp, of Houston, for appellants.

D. F. Rowe and C. M. Kay, both of Houston, and C. H. Chernosky, of Rosenberg, for appellees.

LANE, J. This suit was brought by L. Zbranek and wife, hereinafter called appellees, against Mattie Brader, widow of Tony Brader, deceased, and against Bessie Moritz and husband, Otto Moritz; Bessie being the only child of Tony Brader. The suit was for a rescission of a contract by the terms of which appellees conveyed to Tony Brader and his wife, Mattie, certain lots in Houston Heights in exchange for 90 acres of land in Harris county, which had been patented to Tony Brader by the state of Texas.

In their petition appellees in effect alleged, among other things, that in June, 1913, a suit was filed in the district court of Harris county by Thomas Ewing and others against Tony and Mattie Brader to recover title and possession of the 90 acres of land above mentioned; that said Tony and Mattie Brader were duly served with citation in said suit on the 17th day of October, 1914, that on the 23d day of October, 1914, after said service of such citation on them, the said Tony and Mattie Brader, in order to induce appellees to convey to them their said lots in Houston Heights in exchange for said 90 acres of land, did falsely and fraudulently represent to appellees that they, the said Tony and Mattie Brader, owned and had good and sufficient fee-simple title to said 90 acres of land; that such representations were material representations, and did induce appellees to exchange their said lots for said 90 acres of land; that Tony and Mattie Brader knew that such representations were false and untrue at the time they were made, and they were made for the purpose of fraudulently inducing appellees to make said exchange of properties; that although Tony and Mattie Brader had been sued for said 90 acres of land, and had been served with citation in said suit, only a few days prior to such exchange, they concealed such facts from appellees, for the purpose of deceiving them, and by such representations and concealment did induce appellees to convey, and they did by warranty deed convey, their lots in

Houston Heights to Tony and Mattie Brader in exchange for said 90 acres of land; that the said Braders under said contract did convey to appellees the 90 acres of land by their deed, wherein and whereby they agreed to warrant and defend the title to the 90 acres which they had conveyed to appellees against the claim of all persons whomsoever.

Appellees further alleged that they had no knowledge of any defects in the title of the Braders to said 90 acres of land at or before the time of the consummation of said agreement or contract by the execution of their deed of conveyance by which they conveyed their lots to the Braders, and that they were not informed by any one that a suit was pending against the Braders which involved the title to said 90 acres of land, nor did they have any knowledge of such pending suit until long after they had been induced to convey their said lots to the Braders in exchange for said 90 acres; that, had the Braders informed them of the pendency of such suit, they would not have made the exchange of said properties; that long after the said conveyance had passed between the parties thereto appellees were for the first time made parties defendant to the said suit of Ewing and others against the Braders, and as soon as they were served with citation in said suit they approached the Braders for an explanation, and that the Braders told them not to pay any attention to the suit, and assured them that they, the Braders, would defend said suit; that by reason of said promises so made to appellees they made no defense to said suit; that although the Braders had told appellees not to appear and defend said suit, and had promised them to defend the same, the Braders failed to file answer, or to make any defense whatever thereto; that judgment was rendered in said suit in favor of the plaintiffs, Ewing and others, for said 90 acres of land, and that appellees were evicted therefrom. They also allege that they had tendered back to the appellants the consideration received by them.

Defendants excepted to plaintiffs' first amended original petition, and denied generally, but admitted the exchange of property, and alleged that, if plaintiffs lost said 90-acre tract in the Ewing suit, it was by their own negligence, because said L. Zbranek was served with citation in said suit and permitted judgment to be rendered against him by default; that he had a good title to said 90 acres by the statutes of limitation of three, five, and ten years; that Tony Brader died some time prior to said judgment, and Bessie Moritz was not a party to said suit.

The case was tried without a jury, and judgment was rendered for plaintiffs, L. Zbranek and wife. Defendants have sued out a writ of error to this court.

The substance of the first, second, and third assignments is that the court erred in rendering judgment for appellees because, first, that there is no evidence showing that the Braders, or either of them, deceived appellees, and thereby induced them to execute a deed conveying the lots in Houston Heights to the Braders; second, that the evidence shows that appellees, Zbranek and wife, knew that the 90 acres, the Brader survey, was in litigation before they traded for it, and therefore were in no way deceived as to the pendency of said suit; third, that as appellees have permitted a default judgment to be rendered against them in said suit they had placed themselves in a position rendering them unable to restore the 90 acres of land to appellants, and therefore should not be permitted to rescind the contract; and, fourth, that there was no evidence to show that Tony Brader, deceased, said or did anything which induced appellees to convey to the Braders their said lots in Houston Heights, and therefore the judgment against Bessie Moritz for her one-half interest in said lots, which she inherited from her father, Tony Brader, was erroneous, for the reason that she was not a party to the suit of Ewing and others against Brader and others, and as appellees had permitted judgment to go against them by default in said suit they have placed themselves in a position so they cannot restore the half interest of Bessie Brader Moritz in the 90 acres to her, and therefore they cannot rescind the contract as to her.

None of the propositions made by these assignments, we think, should be sustained. It is shown by the evidence that the 90 acres of land conveyed by the Braders to appellees in exchange for their lots was patented to Tony Brader on the 8th day of November, 1906, and that Tony Brader and his wife, Mattie Brader, at some time thereafter built a house and other improvements thereon; that they lived upon the land as their home for about six years prior to the institution of the suit of Ewing and others against them for the recovery of the title thereto; that said suit was instituted on the 17th day of June, 1913; that the said 90 acres patented to Tony Brader was composed of land covered by and belonging to two older surveys, which had theretofore been patented to other parties by the state of Texas, and that the Braders had no title thereto. It was also shown by the evidence that Tony Brader died pending the Ewing suit, after service of citation had been had upon him and his wife, Mattie Brader; that, when the cause was called for trial, Tony Brader, deceased, was dismissed from the cause. It was shown that Mattie Brader filed no answer in said suit, and that judgment by default was rendered against her for said 90 acres of land. It was also shown that about one year after appellees made said exchange of properties

with the Braders they were made parties to the Ewing suit and served with citation, but made no answer therein, and judgment was rendered against them by default, and it is shown that Bessie Moritz was not a party to the Ewing suit.

Appellee L. Zbranek testified that he owned lots 35 to 38, inclusive, in block 124, Houston Heights; that he talked with Tony and Mattie Brader about exchanging his lots for 90 acres they claimed to own; that in this conversation Mrs. Brader did most of the talking; that she was all the time talking, but that he was talking with Mr. Brader about the trade, and also with Mrs. Brader; that they were both present, and that he was talking to both of them about the trade; that at the time he traded his lots for the 90 acres he did not know that there was any defect in the title of the Braders to the 90 acres; that in the conversation with the Braders, above mentioned, they showed him the patent which the state had issued Tony Brader for the 90 acres, and that Mrs. Brader told him in the presence of Mr. Brader that the title of the Braders to said 90 acres was a good title; that he asked both Mr. Brader and his wife if they had good title to the 90 acres, and that they said they had good title thereto. Further testifying he said:

"I was served with notice on that citation from the court about this land. When I got the notice, I went to Mrs. Brader and I told her—I came here and I told her: 'Why you didn't tell me right and true? You have some trouble; now I get some trouble with that land.' And she says, 'Oh, don't lose sleep about that, but just the lawyers and land agents, they kick up some muss just to 'soak the money out of the people;' and she says, 'I wouldn't lose sleep over it.' At that time she also told me, 'I wouldn't go to the court, it is just money throwed away; you have got the land, and you have got a guaranteed title; that land is yours; don't bother your head about that.'"

Again he said:

"Mrs. Brader told me not to bother about this, that she would look after protecting me, and I thought she was going to do it."

He further testified that before he made the exchange he asked Mrs. Brader if they could give him good title to the land, and that she assured him that she could, and that he, relying on these statements from both the Braders that they had good title to the 90 acres, exchanged his lots for the land. He also testified that he had no knowledge or notice that a suit was against the Braders involving the title to the 90 acres of land until about a year after the exchange of properties was made, and not until he had been made a party to the Ewing suit and been served with citation in that suit.

Mrs. Veronika Zbranek, wife of L. Zbranek, testified as follows:

"Mrs. Brader was at my house just once before the deal was consummated. Mrs. Brader told me that the title to this 90 acres was good; that it was given to them in clear from the state of Texas. I remember that distinctly. I was present when the deal was consummated, in the drug store, between the parties. Mr. Zbranek, Mrs. Brader, Mr. Brader, and Mr. Fulton, who is the notary public, and I was there; nobody else."

She testified further that nobody told her and her husband about the 90 acres of land being in suit; that, had they known of such suit, they would not have exchanged their lots for it.

The evidence shows that on the 23d of October, 1914, in consummating their agreement of exchange, the parties thereto conveyed each to the other their respective properties hereinbefore mentioned by warranty deeds. It is also shown by the evidence that appellees have been ejected from said 90 acres of land, and that upon trial of this cause they tendered into court the $10 paid by the Braders to them in part consideration for the exchange of said properties, and also tendered into court their deed reconveying the 90 acres of land to appellants.

[1, 2] While the testimony of appellant, Mrs. Mattie Brader, and of other witnesses called by appellants, in some particulars contradicts the evidence above stated, we conclude that the evidence as a whole was amply sufficient to support a finding by the trial court adverse to all the contentions made by appellants under the foregoing assignments. The findings of the trial court on conflicting evidence are conclusive on appeal.

[3] It is well settled that where a contract for an exchange of lands is procured by means of misrepresentations made by one of the parties as to his title, or is procured by such party by means of concealing from the other party facts known to the first party and unknown to the other, which would affect or call in question his title, such contract may be set aside and rescinded by the injured party as for fraud. Buchanan v. Burnett, 102 Tex. 492, 119 S. W. 1141, 132 Am. St. Rep. 900; Davis v. Driscoll, 22 Tex. Civ. App. 14, 54 S. W. 44; Ramirez v. Barton, 41 S. W. 510; Corbett v. McGregor, 84 S. W. 278; Wintz v. Morrison, 17 Tex. 383, 67 Am. Dec. 658; Singleton v. Houston, 35 Tex. Civ. App. 10, 79 S. W. 98. However, appellants do not dispute the foregoing legal proposition but do contend that there was no evidence of such misrepresentations or concealment on the part of the Braders as would authorize a rescission of the contract, but, as stated above, we have reached the adverse conclusion.

[4] As to appellants' contention that the Braders had good title to the 90 acres by limitation, and that by reason of the fact that appellees failed to defend such title in the suit

of Ewing and others against the Braders, to which appellees were made parties defendant, and that they permitted judgment to go against them by default, they are estopped to rescind the contract, we conclude there is no merit for the following reasons: First, both Tony Brader and his wife were original defendants in the suit of Ewing and others, and by their warranty deed to appellees they had covenanted to warrant and defend the title of the land to appellees, and after the death of Tony Brader and his dismissal from said suit, and after appellees had been made parties thereto, Mrs. Brader told appellees that they need not defend the title, that she would protect them, and therefore they were relieved from making such defense, even if they were resting under any such obligation in the first place; and, second, it is the duty of a warrantor, when made a party to a suit, or when he has knowledge of a suit in which his warrantee is sued for the title to the land for which he has given his warranty, and the title to which he has contracted to defend, to come in and defend such title, and if he fails to do so he cannot complain that his warrantee has failed to make such defense. Brown v. Hearon, 66 Tex. 63, 17 S. W. 395; Sachse v. Loeb, 45 Tex. Civ. App. 536, 101 S. W. 450; Jemison v. Halbert, 47 Tex. 180. In the case first cited it is held that a vendor of land who gives a general warranty of title, when made a party defendant in a suit against his vendee, must defend that title. Defenses of limitation available to the vendee must be urged by the vendor or warrantor.

The contention that Bessie Moritz owned a one-half undivided interest in the lots conveyed by appellees to Tony Brader and wife of which she could not be divested by the present suit, is, we think, untenable. The contention is that Tony Brader, the deceased father of Bessie Moritz, made no false representations concerning the title of the land conveyed to appellees, but that such representations, if made, were made by the wife, Mattie Brader, and that therefore Bessie Moritz, who inherited from her father, should be permitted to retain one-half of the Zbranek property traded to Braders in exchange for the land.

As before stated the evidence shows that both Tony and Mattie Brader were present when the misrepresentations concerning the land were made to appellees, and that while Mattie Brader, the wife, was the spokesman, Tony Brader gave his assent. It is also shown that both of said Braders, after having been notified of the pendency of the suit of Ewing and others, concealed from appellees the fact of the pendency of such suit. It is shown that both husband and wife received the fruits of the wrong and fraud practiced upon appellees; hence neither Tony Brad-

er, if living, nor his heir, can now be heard to complain of the rescission of the contract obtained by fraud.

[5] It may be appropriate to here say that if the Braders had title by limitation to the 90 acres here involved, and that Bessie Moritz inherited an undivided interest thereof, no neglect on the part of appellees has in any manner deprived her of such interest, since neither her deceased father nor she were parties to the judgment in the case of Ewing and others. She is still the owner of such interest, if any she had, and is not barred from asserting such interest by the judgment in the Ewing suit.

What has been said disposes of all of appellants' contentions. We find no reversible error in the trial of this cause in the lower court; therefore judgment there rendered is in all things affirmed.

Affirmed.