### O'NEIL v. GARRISON. (No. 6535.)

(Court of Civil Appeals of Texas. San Antonio. March 30, 1921.)

Venue &8—Action to recover price of stock on ground of fraud properly brought in county in which misrepresentations were made.

Stock purchaser's action to recover purchase price on ground of fraudulent representations inducing the purchase, in view of Rev. St. 1911, art. 1830, § 7, was properly brought in the county in which the fraudulent representations were made, notwithstanding defendant's residence in another county.

Appeal from Tarrant County Court; W. P. Walker, Judge.

Action by F. G. Garrison against John O'Neil. Judgment for plaintiff in a justice court overruling defendant's plea of privilege was affirmed by the county court, and defendant appeals. Affirmed.

Weeks, Morrow, Francis & King, of Wichita Falls, and Alfred McKnight, of Fort Worth, for appellant.

James P. Cogdell, B. F. Bouldin, and S. C. Padelford, all of Fort Worth, for appellee.

COBBS, J. This suit originated in justice's court, precinct No. 1 of Tarrant county, for the recovery of $200 paid by appellee to appellant for the purchase of stock in the Burk-O'Neil Oil Company, paid to appellant's agent upon the representations made by such agent to appellee in writing, and made in Tarrant county, Tex., and falsely represented:

"That he, the defendant, owned an oil and gas lease on certain acreage property near Burkburnett, in said Wichita county, Tex., and also owned an undivided three-fourths interest in and to the oil and gas, in and under six certain lots, in block 2, Akers addition to the town of Burkburnett, and that the defendant would at his own cost and expense drill a well either on said lots, or acreage property, and oil was found in paying quantities would fully equip same for the production of oil, and that, if said well was not a producing well, then he would return to plaintiff his money, or drill another well either on said lots or acreage, and if the second well produced oil in paying quantities, then he would fully equip the said well for production and turn the three-fourths interest in said lots and said lease over to a company to be organized, and to issue to plaintiff stock in said company to the amount of $200, he would return said money to plaintiff. Plaintiff alleges that the said John O'Neil has failed to carry out his promise, that he never owned the oil and gas under six lots, but falsely and fraudulently made such representations in Tarrant county, Tex., in Fort Worth, for the purpose of procuring plaintiff's money, and that said representations were made in Tarrant county, Tex., and because of same plaintiff did pay to defendant the sum of $200, which he has demanded of the defendant, and which he refused to pay, all to the plaintiff's damage in the sum of $200, for which he sues."

Appellant interposed his plea of privilege in the justice's court, alleging his residence in Wichita county at and before the filing of said suit and service of citation upon him, to which county he demanded this case to be transferred. This plea was presented in the justice's court, overruled, and judgment rendered against him, from which he appealed to the county court. The plea of privilege was again renewed and presented to the county court, where it was heard and again overruled, after a hearing upon the facts thereon. This appeal is taken from the ruling of the court in overruling the plea of privilege.

The court made a full finding of the facts, and they fully sustain the judgment. We see no reason to disapprove those findings.

It sufficiently appears that the representations constituted fraud, and that these fraudulent representations were made in Tarrant county, and the suit was therefore properly brought there. Revised Statutes 1911, art. 1830, § 7; Winter v. Terrill, 42 Tex. Civ. App. 598, 95 S. W. 761; Hunt County Oil Co. v. Scott, 28 Tex. Civ. App. 213, 67 S. W. 451; Kleine Bros. v. Gidcomb, 152 S. W. 462; Howe Grain & Mercantile Co. v. Galt, 32 Tex. Civ. App. 193, 73 S. W. 828; Trinity Valley Trust Co. v. Stockwell, 81 S. W. 793; Ferrell v. Millican, 156 S. W. 230; Hunt County Oil Co. v. Scott, 28 Tex. Civ. App. 213, 67 S. W. 451.

The assignments are all overruled.

The judgment of the court is affirmed.

&For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes