## SAN MARCOS BAPTIST ACADEMY v. BURGESS. (No. 7621.)

(Court of Civil Appeals of Texas. San Antonio. Oct. 27, 1926. On Motion for Rehearing, Dec. 15, 1926. Further Rehearing Denied March 16, 1927.)

**1. Venue ⬸3—Venue statutes in force when suit instituted held controlling (Rev. St. 1911, art. 1830, §§ 7, 24 [Rev. St. 1925, art. 1995, §§ 7, 23]).**

Where petitioner alleged facts in his petition to sustain venue by virtue of Rev. St. 1911, art. 1830, §§ 7, 24, in force prior to latest revision (Rev. St. 1925, art. 1995, §§ 7, 23), held, that revision, in effect at time suit was instituted, was controlling.

**2. Statutes ⬸230 — Omission of significant words from statutory amendment, ordinarily imports conclusive presumption of intent to exclude object theretofore accomplished by omitted words.**

Ordinarily, the mere fact that significant words are omitted from the re-enactment or amendment of a statute imports a conclusive presumption that the Legislature intended to exclude the object which the inclusion of those words accomplished in the original statute.

**3. Appeal and error ⬸176—Agreement of parties as to effect of statute will not deter court from independent consideration.**

Court will ordinarily decide a question of statutory construction on its merits, disregarding an agreement of the parties as to the effect of the statute.

**4. Appeal and error ⬸179(1)—Mistaken statute citation in affidavit controverting plea of privilege will not preclude consideration of correct subsection on appeal.**

Where the appellant in designating a statutory subsection in affidavit controverting plea of privilege made a mistake in numbering, but set out facts which showed which subsection he obviously had in mind, mistake in numbering held not to control over the allegation of facts constituting ground for review.

**5. Pleading ⬸111—On hearing opposing private corporation's plea of privilege, plaintiff need only show prima facie case arising in county where suit brought (Rev. St. 1925, art. 1995, § 23).**

Plaintiff, bringing suit against a private corporation for fraud, on opposing plea of privilege, under Rev. St. 1925, art. 1995, § 23, need only present sufficient evidence to make a prima facie case of fraud arising in county where suit was brought to prevent change of venue.

On Motion for Rehearing.

**6. Fraud ⬸12—Promissory representations made in good faith by Academy's agent where unforeseen circumstances changed conditions as represented held not actionable.**

Where an agent of an Academy represented that credits could be transferred from the Academy to a named University, such statement being true at the time and made in good faith, but subsequently the named University withdrew its affiliation, plaintiff, relying on such representations, and sending daughter to Academy, held to have no basis for suit for fraud.

**7. Pleading ⬸111—On hearing, opposing plea of privilege, plaintiff held not to have shown case sufficient to overcome private corporation's right to venue change (Rev. St. 1925, art. 1995, § 23).**

Where plaintiff, bringing suit against a private corporation, opposed a plea of privilege and showed no facts sufficient to establish a prima facie case, held, that he did not bring the case within the exception of Rev. St. 1925, art. 1995, § 23, relating to venue in suits against private corporations.

Appeal from San Patricio County Court; J. C. Russell, Judge.

Suit by D. T. Burgess against the San Marcos Baptist Academy. From an order overruling defendant's plea of privilege, defendant appeals. Reversed and remanded, with instructions.

R. E. McKie, of San Marcos, for appellant. W. S. Vawter, of Sinton, and M. A. Childers, of San Antonio, for appellee.

SMITH, J. The San Marcos Baptist Academy is a denominational school operated at San Marcos, in Hays county, by a corporation bearing the same name as the school, and domiciled in said county. D. T. Burgess resides in San Patricio county, and in 1923 contemplated sending his daughter, a high school graduate, to a Baptist College, preferably Baylor University. In June of that year Burgess was approached by C. G. Taylor, a duly accredited soliciting representative of the San Marcos Baptist Academy, who sought to interest Burgess in sending his daughter to the Academy. To this end he represented to Burgess that the Academy was giving first year college work; that for this purpose and to this extent it was affiliated with Baylor University; and that, if the young lady would take the first year work in the Academy, she could then enter the second year work at Baylor, without examination. No definite agreement was made between the parties at the time these representations were made, but in reliance upon them Burgess sent his daughter to the Academy during the ensuing term, and she took the first year college work there.

After successfully completing the year's work at the Academy the young lady sought entrance into the second year class at Baylor University, but was denied admittance into that class because that institution would not recognize the Academy credits for first year grades. The result was that her progress in school was delayed a year while she took the first year work in Baylor. The Academy, in effect, conceded that the representations complained of were made in its

behalf by Taylor, but in defense thereof introduced testimony that at the time the representations were made, and at the time Miss Burgess entered the Academy, there existed an agreement between its president and the president of Baylor University whereby the latter would admit students to its second year class upon credits from the Academy for first year work, but that subsequently and without notice or excuse Baylor withdrew such affiliation and refused longer to recognize or accept credits from the Academy, which resulted in Miss Burgess' rejection by Baylor. The trial court found in effect that the representations were made, and that they were false.

Burgess brought this suit in the county court of San Patricio county, setting up the alleged representations, his reliance thereon, the alleged falsity thereof, the failure of his daughter to gain entrance into the second year class at Baylor University until she had taken the first year there, and praying for damages in the amount of the expenses incurred by her in her school year at the San Marcos Academy.

[1] The Academy filed a plea of privilege, in due form and order, to be sued in the county of its admitted domicile, Hays county. Burgess filed a controverting affidavit, reiterating the facts alleged in his petition and seeking to sustain venue in San Patricio county by virtue of the provisions of sections 24 and 7 of the venue statute in force prior to the 1925 Revision of the statutes, which revision was in effect at the time of the institution of this suit, and therefore controls here. Upon a hearing the trial court overruled the plea of privilege, and from the order thereon the Academy has appealed.

In section 7 of the venue statute (Rev. St. 1911, art. 1830) in force prior to the Revision of 1925, it was provided that—

"In all cases of fraud, and in cases of defalcation of public officers," suit "may be instituted in the county in which the fraud was committed, or where the defalcation occurred, or where the defendant has his domicile."

Under that exception it was settled that a material false representation constituted fraud within the contemplation of the statute, and that venue of suits based upon such fraud lay in the county in which the false representations were made. Evans v. Mills, 16 Tex. 196; Howe Grain Co. v. Galt, 32 Tex. Civ. App. 193, 73 S. W. 828; Ferrell v. Millican (Tex. Civ. App.) 156 S. W. 230; Western Cottage, etc., Co. v. Griffin, 41 Tex. Civ. App. 76, 90 S. W. 884; Gordon v. Rhodes (Tex. Civ. App.) 117 S. W. 1026. But in shuffling this article into the Revision of 1925 (article 1995), the seventh exception underwent a marked metamorphosis, so that it now reads:

"7. *Fraud and Defalcation.*—In all cases of fraud and defalcation of public officers, suit may be brought in the county in which the fraud was committed or defalcation occurred or where the defendant has his domicile."

It is possible that the Legislature did not intend to alter the purpose or effect, or even the language or punctuation, of the exception as it appeared in the former statute, but, if the language and punctuation used in the revision is given effect in accordance with its plain and ordinary meaning, then the change is radical and far-reaching in its import, in that the exception is restricted in its application to public officers, and does not affect other persons. It is not merely a case where a comma or other punctuation mark has been omitted in the re-enactment of a statute, for not only a comma, but apt words of material significance, were omitted in the revision. In the original form a comma and the words "in cases of" were used to render the exception applicable to persons other than public officers, the complete phrase reading: "In all cases of fraud, and in cases of defalcation of public officers." Thus the purpose to render the exception applicable in all cases of fraud against whomsoever brought, was so clearly expressed that it could not be strengthened or made plainer, but would be weakened, by the addition or omission of punctuation marks or words. But in the revision of the exception the comma and the words "in cases of" were omitted, so that the phrase as revised reads: "In all cases of fraud and defalcation of public officers." If the Legislature intended to exclude individuals from the operation of the exception, and restrict it to public officers, it could not have employed more apt language and punctuation for the accomplishment of that purpose; if it intended to bring forward the purpose and effect of the old statute, it could not have done so more effectually than by adopting the very language and punctuation used in the former version.

[2, 3] Ordinarily, the mere fact that significant words are omitted from the re-enactment or amendment of a statute imports a conclusive presumption that the Legislature intended to exclude the object theretofore accomplished by the abandoned words. It remains to be seen whether the courts may reconstruct this exception, and read into it such punctuation and words as may be necessary to extend its terms to embrace other than public officers. It is not deemed necessary for this court to venture upon that ground and decide the question in this case; for, while appellant has definitely raised the point and urges the inapplicability of the revised exception, appellee has seemingly acquiesced in appellant's contention, and concentrates upon the twenty-fourth exception to sustain the venue. Ordinarily, this agreement of the parties as to the effect of a statute in a case under consideration here would not deter this court from deciding the question upon its merits, yet in this case such determination is still

unnecessary, since in our view the appeal may be disposed of under another exception to the venue statute.

[4] The twenty-fourth exception to the venue statute of the 1911 Revision provides that suits against a private corporation may be brought in the county of its domicile, or in which it has an agent, or in which the cause of action or a part thereof arose. But this suit was brought after the present revision of the statutes had become effective, and we must therefore look to the revised version in determining the case. But in the revised version the twenty-fourth exception relates to venue of suits against common carriers, and has no application to this case. The twenty-fourth exception under the old statutes, however, is brought forward intact into the 1925 Statutes, where it took the number 23. We conclude. that the mistake made by the plaintiff below in numbering the exception upon which he relies ought not to preclude consideration of the exception which he obviously had in mind and actually relied upon, since he set out the facts depended upon by him to bring his case within that exception. The erroneous designation of the exception will not control over the allegation of facts constituting the ground for venue. Accordingly, we will consider his contention that venue lay in San Patricio county because it is a suit against a private corporation upon a cause of action which arose in part in that county, as provided in section 23 of article 1995, R. S. 1925.

Under the twenty-third exception of the existing statute, or the twenty-fourth of the prior statute, if the suit is upon a cause of action arising wholly or in part in San Patricio county, appellant being a private corporation, then venue is properly laid in that county, and the court below did not err in overruling appellant's plea of privilege to be sued in the county of its domicile.

In overruling the plea of privilege the trial court found that "the contract upon which this suit is brought was entered into by plaintiff and defendant in San Patricio county; that defendant is a private corporation; and that as an inducement to plaintiff to enter into said contract the representative and agent of defendant made certain false and fraudulent representations"; and it was upon this finding of fact that the court overruled the plea. But the suit was not upon a contract or for damages for breach of a contract. No contract was alleged, either in the petition or in the affidavit controverting the plea of privilege. Nor were there any facts proven upon which an action upon a contract or its breach would lie. The action was exclusively for damages occasioned to appellee because of the alleged false representations made to him by appellant, and relied and acted upon by him.

[5] The question to be determined, then, is whether or not there was a sufficient showing of probable fraud which if established in a trial upon the merits, with that certainty required in cases of fraud, would entitle appellee to recover. The question to be determined here is not whether fraud was established upon the hearing of the plea with that degree of certainty necessary to warrant recovery, but whether there was sufficient evidence upon the hearing to make a prima facie case, or to show a substantial controversy over the question of fraud, in which event the requirement of the venue statute is met. Bank v. Childs (Tex. Civ. App.) 231 S. W. 807. This being an action for damages against a private corporation, based upon alleged fraudulent representations of appellant's agent, venue is properly laid in any county in which the cause of action or a part thereof arose, and, the alleged fraudulent representations having been made in San Patricio county, the cause of action necessarily arose, at least in part, in that county, and under the twenty-third exception venue lies in that county.

The judgment is affirmed.

### On Motion for Rehearing.

Upon further consideration of the case the court has reached the conclusion that the evidence upon the pleaded issue of fraud is not such as to sustain the exception to the statute authorizing the maintenance of the suit in a county other than that of the defendant's residence. The effect of the evidence is that the soliciting agent of appellant represented to appellee that appellant was affiliated with Baylor University, and that by reason of this affiliation students successfully taking the first year college work in the San Marcos Baptist Academy were entitled to enter the second year classes at Baylor. Appellee and appellant entered into no enforceable contract in writing at the time this representation was made, although it was in reliance upon the representation that appellee, a few months later, sent his daughter to the San Marcos School, where she took the first year college work in expectation of entering the second year classes at Baylor upon her credits obtained at San Marcos. Appellee's daughter took the year's course at San Marcos and made the required grades, but, when at the succeeding year she sought to enter Baylor upon the credits obtained at San Marcos, Baylor declined to recognize the credits, and she was denied admission into the second year work there.

[6, 7] The undisputed evidence in the case excludes any contention of bad faith upon the part of the agent of the Academy in making the representation complained of, for that representation, in so far as it embraced a statement of fact, was wholly true at the time it was made, and, in so far as it was promissory, it was made in good faith and

with the full intention of performance, which condition deprived it of any element of fraud. The statement that the two schools were affiliated was true at the time, and it was without the connivance or consent or knowledge of the Academy that Baylor subsequently withdrew from the affiliation. These facts negative the charge of fraud upon the part of the Academy, and the trial court erred in retaining venue upon that charge.

The order overruling appellant's plea of privilege must be reversed. Appellant's motion for rehearing will be granted, and the judgment of the trial court reversed, with instruction to the clerk of that court to make up a transcript of all the orders made in the cause, certify thereto officially under the seal of the court, and transmit the same, with the original papers in the cause, to the clerk of the county court of Hays county.

Reversed and remanded, with instructions.