### BELL v. TWADDELL et al.

### No. 3720.

Court of Civil Appeals of Texas. Amarillo. Jan. 20, 1932.

Rehearing Denied Feb. 3, 1932.

Underwood, Johnson, Dooley & Simpson and Vance Huff, all of Amarillo, for appellant.

Cooper & Lumpkin, of Amarillo, for appellees.

JACKSON, J.

The plaintiffs, M. N. Twaddell and M. W. Wise, instituted this suit in the county court at law of Potter county, Tex., against the defendant, A. M. Bell, to recover damages for alleged false and fraudulent representations made by the defendant to plaintiffs by which they were induced to and did buy from the defendant certain Jersey cattle for dairy purposes.

Plaintiffs alleged that they reside in Potter county and the defendant resides in Mitchell county, Tex.; that on and prior to May 2, 1930, the defendant owned and held in Potter county 47 head of Jersey cattle which he sold and delivered to plaintiffs for the sum of $1,750; that defendant executed a bill of sale for the said cattle and represented to plaintiffs that the cattle had been recently tested for the contagious diseases of tuberculosis and aborting, and also represented that such tests so recently made showed each and all of the cattle to be free from such diseases; that but for such representations, upon which plaintiffs relied, they would not have purchased the cattle from the defendant; that such representations were made in Potter county, Tex., and were false and untrue; that, while said cattle had been recently tested for the diseases of tuberculosis and aborting, the tests showed two of the cattle to be afflicted with the disease of aborting their calves, all of which was known to the defendant at the time he made such representations to plaintiffs; that on account of said disease sixteen cows gave premature birth to calves and by reason thereof were of no value for dairy purposes and did not exceed in value $15 per head for any purpose; that, by reason of the false and fraudulent representations and the cattle being afflicted with the disease of aborting and sixteen head thereof giving premature birth to calves, the plaintiffs were damaged in the sum of $595, to recover which this suit was instituted.

The defendant filed his plea of privilege, asserting his residence to be in Mitchell county, Tex., and asked that the venue of the case be changed to said county.

The plaintiffs filed their controverting affidavit to the defendant's plea of privilege, setting up the false and fraudulent representations made by the defendant to the plaintiffs in Potter county, Tex., and urged that the court had venue to try and determine the cause under subdivision 7 of article 1995, R. C. S., as amended by Acts 1927, 1st Called Sess., c. 72, § 1 (Vernon's Ann. Civ. St. art. 1995, subd. 7).

On a hearing before the court, the defendant's plea of privilege was overruled, from which action of the court the defendant prosecutes this appeal.

The appellant assigns as error the action of the court in overruling his plea of privilege, because (1) the allegations of fraud in plaintiffs' petition do not constitute plaintiffs' cause of action; and (2) the pleadings and proof are not sufficient to show fraud committed in Potter county, Tex., within the meaning of subdivision 7 of article 1995, R. C. S.

 The plaintiffs sufficiently alleged a cause of action based on false and fraudulent representations made to them by the defendant in Potter county, Tex.

"It is a well-settled law in Texas that one who purchases property under fraudulent representations as to its condition and fitness for the purpose for which it is sold has two remedies: First, he may keep the property and sue for the difference in the value of the property delivered and that which he should have received; or he may tender the property received back, if it has any value, and rescind the contract because of the breach of warranty as to its condition and fitness, and recover whatever he had paid or exchanged therefor, or its value. Simkins on Contracts and Sales, pp. 770 to 773, and the cases cited thereunder; Case [Threshing Mach.] Co. v. Hall, 32 Tex. Civ. App. 214, 73 S. W. 835; Wright v. Davenport, 44 Tex. 167; Janes v. Stratton (Tex. Civ. App.) 203 S. W. 386; McDonald v. Whaley (Tex. Civ. App.) 207 S. W. 609; Brader v. Zbranek (Tex. Civ. App.) 213 S. W. 331; 23 Corpus Juris 198, cases cited under note 43; Parker v. Anderson (Tex. Civ. App.) 85 S. W. 856." Evans v. Hartman (Tex. Civ. App.) 286 S. W. 326, 328.

In Howe Grain & Merc. Co. v. Galt, 32 Tex. Civ. App. 193, 73 S. W. 828, as showing venue, the plaintiff alleged that he purchased 48 head of hogs from the defendant, that the defendant represented said hogs to be sound and healthy, but that they were diseased, all of which the defendant knew, but fraudulently represented to plaintiff that they were sound and healthy, relying upon which representations the plaintiff purchased and paid for the hogs, and that they thereafter died on account of their diseased condition.

In that case the court says: "Appellee insists that the cause of action is simply for breach of a contract not in writing, and that the defendant could not be sued out of the county of his residence. We cannot agree with this contention. We think it quite clear from the pleadings that the plaintiff alleged a case of deceit, which is but a form of fraud, and that it falls clearly within the class designated by the statute as cases of fraud (Rev. St. 1895, art. 1194), in which suit may be brought in the county where the fraud was committed." See, also, Day v. Steverson (Tex. Civ. App.) 145 S. W. 1062; O'Neil v. Garrison (Tex. Civ. App.) 229 S. W. 642; Oltmanns Bros. v. Poland (Tex. Civ. App.) 142 S. W. 653.

The bill of sale given by the defendant to the plaintiffs for the cattle warranted the title only. E. F. Elmberg Co. v. Dunlap Hardware Co. (Tex. Com. App.) 267 S. W. 258.

The testimony is sufficient to warrant the finding of the court that the fraudulent representations alleged in plaintiffs' petition were made by the defendant to the plaintiffs in Potter county, Tex.

The judgment is affirmed.